SOMMERVILLE, J.
Plaintiff appeals from a judgment rejecting his demand for an injunction to prevent the defendant from collecting taxes for the drainage of his lands in St. Bernard parish, and to have declared invalid a 3-cent, a 6-cent and a 16-cent acreage tax for the year 1916, on various grounds.
The validity of the tax referred to and the bonds issued therefor have been before the court on several occasions.
In the case of Board of Commissioners of Bayou Terre Aux Bceufs Drainage District v. Baker, 124 La. 216, 50 South. 16, it was held that the 3-cent acreage tax was legal and binding.
In the later case of Godchaux Co. v. Estopinal, 142 La. 812, 77 South. 640, the validity of the 16-mill acreage tax was upheld.
Plaintiff argues that he is not attacking the bonds issued by the defendant commission which represent the funding of the taxes involved; and he relies upon the case of Shaw v. Board of Commissioners, 138 La. 923, 70 South. 910, wherein it was held that an attack upon the taxes involved in that ease did not involve an attack upon the bonds issued by the commission. But the Shaw Case was overruled on that point in the Godehaux Case.
[1,2] The bonds issued by the defendant commission, and secured by the assessments and taxes herein attacked, have been twice ratified and declared to be valid obligations of the subdivision of the state which issued them. In 1912, by a vote of the people of the state, as appears in Act 132 of 1912, p. 164, the ratification is in these words:
“Where bonds of any subdivision have been heretofore issued for any of the purposes specified in paragraph 1 of this article, and issue has been authorized by the vote of a majority in number and amount of the property taxpayers qualified to vote under the constitution and laws of this state who voted upon the proposition to issue such bonds at an election held for that purpose and where such bonds have been issued and sold by such subdivision for not less than par value thereof, the said bonds or any refund issue bonds or renewal or refunding bonds issued in novation or renewal of bonds issued for said purposes specified in paragraph 1 of article two hundred and eighty-one (281) are hereby validated, ratified and confirmed: Provided that such *778 bonds did not at the time of their issue exceed ten per centum of the assessed valuation of the property in such subdivision, and such bonds hereby ratified, approved and confirmed shall be deemed to be the valid and incontestible obligations of such subdivision and a tax for the payment of the principal and interest thereof and to create a sinking fund for the redemption shall be levied and collected in the manner and within the limits prescribed by said paragraph 1 of this article. This entire article is to be considered a full grant of power to the subdivisions of the state as set forth therein.”
Again in 1914, as appears by Act 192, p. 370, which became an amendment to the Constitution, the ratification of the bonds is in the following words, and the courts were prohibited from entertaining any contest wherein their validity or constitutionality was questioned:
“All bonds heretofore issued under and by virtue of this article 281 of the Constitution by the governing authority of any subdivision, which have heretofore not been declared invalid by a judgment of a court of last resort in the state of Louisiana and more than sixty (60) days have elapsed since the promulgation of the proceedings evidencing the issuing of said bonds, are hereby recognized and declared to be valid and existing bonds and obligations of the district or subdivision issuing the same, and no court shall have jurisdiction to entertain any contest wherein their validity or constitutionalty is questioned.”
The people of the state by their vote, had the right to ratify bonds issued by a subdivision of the state and to declare them valid obligations, and to compel the payment of all just debts owing by municipalities and other similar bodies, even if the evidences of indebtedness were not in all respects regular, where it is shown that such subdivision of the state had received compensation for such evidences of indebtedness.
Plaintiff’s complaint that it has been deprived of a remedy or right of action by the amendment of the Constitution in 1914 is without merit. The bonds issued by the defendant had been issued more than 60 days before the adoption of the amendment, and they were therefore embraced within its terms. Those bonds were declared valid obligations of the defendant commission, and they cannot be attacked directly or indirectly by plaintiff. The amendment did not purport to affect any bonds where the proceedings evidencing such issue showed that the bonds were issued within 60 days of the date of the adoption of the amendment.
The provision that “no court shall have jurisdiction to entertain any contest wherein their validity or constitutionality is questioned,” referring to the bonds mentioned, was adopted by the people, doubtless, in the interest of progress and for the making of bonds certain and stable in the money markets of the world.
The judgment appealed from is affirmed.
O’NIELL, J., concurs in the decree. MONROE, C. J., takes no part.