(83 South. 690)

No. 23026.

GODCHAUX CO., Inc., v. ESTOPINAL,
Sheriff, et al.

(June 30, 1919.    Rehearing Denied Feb. 2,
1920.)

*(Syllabus by Editorial Staff.)*

1. CONSTITUTIONAL LAW ☞277(1)—RIGHT TO
ASSAIL VALIDITY OF DRAINAGE ASSESSMENT
IS "PROPERTY," WITHIN FOURTEENTH
AMENDMENT AS TO DUE PROCESS.

The right of a landowner, within a drainage
district, to assail the validity of a local assess-
ment by the district, and to seek to enjoin its
enforcement, is "property," within the meaning
of Const. U. S. Amend. 14, notwithstanding that
the attack on the assessment amounts to a con-
test of the validity of bonds issued therefor,
under Const. art. 281, validating certain bonds
issued by the governing authority of any sub-
division, and depriving a court of jurisdiction
to entertain any contest wherein their validity
or constitutionality is questioned.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Prop-
erty.]

2. CONSTITUTIONAL LAW ☞305—STATE CON-
STITUTIONAL PROVISION WITHDRAWING JU-
RISDICTION OF COURT, SO AS TO TAKE AWAY
PROTECTION UNDER FEDERAL CONSTITUTION,
IS VOID.

While ordinarily state courts exist and have
jurisdiction only in so far as the Constitution
of the state provides, and cease to have juris-
diction when the Constitution withdraws juris-
diction from them, this is not so when the
effect would be to violate Const. U. S.
Amend. 14, and if the effect of withdrawing
jurisdiction is to deprive a person of a pro-
tection secured by the federal Constitution, the
provision withdrawing the jurisdiction is null.

3. CONSTITUTIONAL LAW ☞305—CONSTITU-
TIONAL PROVISION FORBIDDING COURTS TO
ENTERTAIN JURISDICTION OF SUITS ATTACK-
ING VALIDITY OF DRAINAGE ASSESSMENT VIO-
LATES FOURTEENTH AMENDMENT.

In a suit by a landowner in a drainage dis-
trict, attacking the validity of a drainage as-
sessment, and seeking to enjoin its enforcement,
the defense that, since the attack on the as-
sessment constituted an attack on certain bonds
protected by Const. art. 281, withdrawing juris-
diction of courts to entertain contests wherein

the validity of such bonds is questioned, the
court had no jurisdiction, cannot be entertained;
since it necessitates a deprivation of the pro-
tection of Const. U. S. Amend. 14, notwith-
standing that the federal courts were open for
the exercise of plaintiff's right of action; the
process of law protected by such amendment be-
ing the process of law afforded by the state it-
self.

4. COURTS ☞107—LANGUAGE OF DECISION
MUST BE TAKEN IN CONNECTION WITH SUB-
STANCE OF DECISION.

The language of a decision has to be taken
in connection with the substance of the decision,
for it is the substance or effect of the decision
the court has in mind while using the language,
and not infrequently the language is much
broader, or more sweeping, than the decision it-
self, and cannot serve as a precedent, but has
only such authority as it inherently carries.

Monroe, C. J., dissenting.

Appeal from Twenty-Ninth Judicial Dis-
trict Court, Parish of St. Bernard; R. Em-
met Hingle, Judge.

Proceeding by the Godchaux Company,
Incorporated, against Albert Estopinal, Jr.,
Sheriff and ex officio Tax Collector, and oth-
ers, to enjoin the enforcement of a local
drainage assessment. Suit was dismissed
on a plea to the jurisdiction of the court,
and plaintiff appeals. Judgment set aside,
plea to jurisdiction overruled, and case re-
manded.

Foster, Milling, Saal & Milling, of New
Orleans, for appellant.

Wm. Winans Wall, of New Orleans, and
N. H. Nunez, Dist. Atty., of St. Bernard, for
appellees.

PROVOSTY, J. The plaintiff company is
one of the owners of the lands situated with-
in the limits of the Terre aux Bœufs drain-
age district. It assails the validity of a lo-
cal assessment by the said district on the
lands of said district, and seeks to enjoin the
sheriff and ex officio tax collector from en-
forcing the payment of said local assessment.
The grounds are that the local assessment

is a gravity drainage assessment, levied by virtue of an election, whereas the said land of plaintiff is not susceptible or drainage by gravity, but only, if at all, by pumping, and that said land cannot possibly be benefited by the drainage work which is purposed to be done by means of said assessment, and that therefore the levying of said assessment on said land is a taking of property without due process of law, in violation of the Constitutions of the state and of the United States.

A plea to the jurisdiction of the court was filed, and sustained, and the suit was dismissed. Other defenses were filed, but they were not considered by the trial court.

The basis of said plea to the jurisdiction is that bonds predicated on the annual levying of said assessment upon the lands of said district have been issued by said district and are now outstanding; that said bonds have not heretofore been declared by judgment of court to be invalid, and more than 60 days has elapsed since the promulgation of the proceedings evidencing their issuance; that they are wholly dependent for their payment upon the annual collection of said assessment, and hence that an attack upon said assessment is an attack upon them; that therefore the courts of this state are without jurisdiction ratione materiæ to entertain such a suit as the present, in view of article 281 of the Constitution, reading:

"All bonds heretofore issued under and by virtue of this article 281 of the Constitution by the governing authority of any subdivision, which have heretofore not been declared invalid by a judgment of a court of last resort in the state of Louisiana and more than sixty (60) days have elapsed since the promulgation of the proceedings evidencing the issuing of said bonds, are hereby recognized and declared to be valid and existing bonds and obligations of the district or subdivision issuing the same, and no court shall have jurisdiction to entertain any contest wherein their validity or constitutionality is questioned."

In opposition to this plea to the jurisdiction, the plaintiff contends that, inasmuch as at the time of the adoption of said constitutional provision the 60-day limit it provides for, within which the validity of bonds may be contested, had already expired in the case of the bonds in question in the present suit, the said provision, as applicable to the present suit, is violative of the Constitution of the United States, in that it deprives the plaintiff company of its property without due process of law.

The argument in support of that contention is that a right of action is property within the meaning of the said provision of the federal Constitution, and that by the said article 281 of the state Constitution the right of action of plaintiff to contest said bonds is taken away without any opportunity being afforded to assert it.

Plaintiff does not deny that to contest the validity of the assessment is to contest the validity of the bonds, the bonds being wholly dependent upon the assessment for their payment, but contends that to cut off in the manner attempted to be done by this article 281 the right to contest said assessment, without any opportunity being afforded to be heard in the courts, is to deprive plaintiff of its property without due process of law, in violation of the Fourteenth Amendment of the federal Constitution.

[1] Defendant denies that the right of plaintiff to contest judicially the validity of said assessment is property, within the meaning of said amendment.

We think differently. This assessment, if illegal, as contended by plaintiff that it is, is an unlawful invasion of property, and the right to contest judicially any unlawful invasion of property is what in organized society constitutes property. Without this right we could call our own only such of our possessions as we could protect by brute force against invasion. Without the right to

contest judicially any attempted invasion of property under color of a state law, the Fourteenth Amendment would be a mere dead letter. Suppose that this assessment, instead of being, as the contention is that it is, a taxing of plaintiff's land for the drainage of somebody else's, were a taking of all the mules and carts of plaintiff's plantation for being made a gift of to the neighboring plantation, would anybody say that the Fourteenth Amendment would not protect plaintiff's right to resort to the courts for preventing such a taking. It seems to us the question is not debatable. And yet the only difference between the case here supposed and the present one is that the taking in the supposed case would be manifestly illegal or without due process of law, whereas in the present case the proposed taking may not be so; and counsel argue that it is not so, and that, even if it had originally been illegal, it would not now be so, because of the said provision of article 281 by which all illegalities have been cured.

In the contention that the assessment is legal, or that its illegalities have been cured, the court may agree with defendant when these questions come to be considered; but for considering them the court would have to entertain jurisdiction of the suit, and the sole question presented on the present appeal is as to whether the trial court should have entertained jurisdiction of the suit.

It is also said that the right of action of plaintiff was prescribed at the time the suit was filed. But this again is a question that can be passed on only by entertaining jurisdiction of the case.

[2] It is said, however, that since the courts of this state exist and have jurisdiction only in so far as the Constitution of the state provides, they cease to have jurisdiction when the Constitution withdraws jurisdiction from them.

That is ordinarily true, but not when the effect would be to violate the Fourteenth Amendment of the federal Constitution. That point was decided in the cases of White v. Hart, 13 Wall. 646, 20 L. Ed. 685, and Osborn v. Nicholson, 13 Wall. 654, 20 L. Ed. 689. In the first of these cases the Constitution of Georgia, and in the second the Constitution of Arkansas, had sought to take away from the courts of the state jurisdiction to enforce contracts having a slave consideration. The court held this constitutional provision null, as violating the provision of the federal Constitution against the impairing of the obligation of contracts. The cases are authority for the proposition that, if the effect of withdrawing jurisdiction from the courts is to deprive a person of a protection secured by the federal Constitution, the provision withdrawing the jurisdiction is null. The Fourteenth Amendment was invoked in that case for the protection of a contract; in the case at bar it is being invoked for the protection of property. The protection afforded by said amendment to property is no less full and complete than that afforded to contract.

[3] The learned counsel for defendant say that the federal courts were open for the exercise of plaintiff's right of action, and that therefore plaintiff was not deprived of it.

No doubt plaintiff might have gone into the federal courts; but we agree with plaintiff that, when the effect of withdrawing jurisdiction from the state courts would be to deprive a litigant of his property without due process of law, the Fourteenth Amendment is violated by such withdrawal, even though the litigant might have relief in the federal courts. The state cannot authorize the property owner to be deprived of his property, and deny him all state protection against the illegal taking. It stands to reason that the due process of law of which a person cannot be deprived by state legislation, constitutional or other, has necessarily

to be some process provided by the state herself, and not by some foreign jurisdiction. The plaintiff company, for instance, cannot be told: You have not been deprived of all remedy, since you have one in the courts of Mexico, or of the state of Mississippi. The legal relations of the state of Louisiana with the United States are much more intimate than with Mexico or Mississippi; all the same there is a legal, or governmental, boundary between the state of Louisiana and the United States, which is as definite and certain, for all the purposes of the present discussion, as is the same boundary between the state of Louisiana and these other sovereignties. The courts of the United States are no more the courts of the state of Louisiana than the courts of Mexico are. The states are sovereign for all the purposes of their internal administration; and the injunction of the Fourteenth Amendment to them, You shall not deprive any person of property without due process of law, is addressed to them in their character of sovereignties; hence the process of law of which they must not deprive any person is their process of law—a process to be provided by themselves as sovereigns in what concerns their own internal administration. The due process of law of which these sovereign states are thus enjoined not to deprive any person is not the due process of law afforded by the United States or Mexico, but is the due process of law afforded by the state herself; and that prohibition is evidently violated by legislation the avowed purpose of which is to deprive a person of all process of law, as is the case with the said constitutional provision. For illustration, suppose such an impossible thing were as that some philanthropic person should undertake to hold harmless those persons who should be deprived of their property without due process of law by the states; would it be said that, because of this indemnity, the state leg-

islation which deprived those persons of their property was not violative of the due process of law clause. And, after all has been said, one thing remains certain, and that is that, inasmuch as plaintiff's right of action in the state courts in protection of its property is property, the plaintiff company has been deprived of its property to the extent that it has been deprived of its right of action in the state courts.

Counsel for defendant say that the question of the constitutionality of the said article 281 of the Constitution of Louisiana, in so far as withdrawing jurisdiction from the state courts to pass on the validity of said local assessment, has already been decided twice by this court—in the cases of Godchaux v. Estopinal, 142 La. 812, 77 South. 640, and Badger v. Estopinal, 143 La. 775, 79 South. 335.

In those cases, which were companion cases, involving precisely the same issues, the court was not asked to refuse to entertain jurisdiction, but, on the contrary, the prayer of the defendant (the same in both suits) read:

"Wherefore respondent prays that this suit be dismissed, at plaintiff's cost, and that defendant have judgment against the plaintiff, maintaining the validity of the said special acreage taxes or forced contribution levied against plaintiff's property by the board of drainage commissioners of the Bayou Terre aux Bœufs Drainage District, and that an attorney's fee of 10 per cent. on the amount of the taxes enjoined by the plaintiff be allowed. Respondent prays for costs and general relief."

[4] In those cases the trial court expressly refused to pass on the question of jurisdiction. In lengthy reasons for judgment it considered the case elaborately on its merits, and affirmed the validity of the local assessment. The defendant did not appeal from that judgment, and did not file in this court an answer to the appeal. The question of jurisdiction can hardly be said, therefore, to have been before this court for de-

cision. True, this court, in passing on said cases, quoted the said constitutional provision, and based its judgment upon the bar established by it; but it did not disclaim jurisdiction. On the contrary, it entertained jurisdiction, as the lower court had done, and affirmed the judgment as rendered by the lower court: that is to say, decreeing the validity of the said assessment. The language of a decision has to be taken in connection with the substance of the decision; for it is the substance, or effect, of the decision the court has in mind while using the language, and not infrequently the language is much broader, or more sweeping, than the decision itself, and cannot serve as a precedent, but has only such authority as it inherently carries.

The judgment appealed from is therefore set aside, the plea to the jurisdiction is overruled, and the case remanded, to be proceeded with according to law.

MONROE, C. J., dissents.