PROVOSTY, C. J.
This suit involves the validity of a local assessment. In a former suit by the same plaintiff against the same defendant the validity of this same assessment was assailed on the same grounds. The trial court considered the grounds, and affirmed the validity of the assessment. An appeal was taken to this court; and pending this appeal the present suit was brought. The only difference between the two suits is that the fir.st involved the assessment as levied in 1915, while the present involves this assessment as levied in 1916. The issues in the two suits being thus the same, the present suit was allowed to remain in abeyance to await the result of the said appeal. The result was that this court affirmed the judgment. 142 La. 812, 77 South. 640. For doing so this court gave as its reason that the courts were without jurisdiction to entertain a suit of this kind. Adopting that same reason, the trial court dismissed the present suit. Plaintiff appealed, contending that the courts do have jurisdiction, because the provision of our state Constitution which purports to withdraw the jurisdiction is violative of the Constitution of the United States, and null.. This court sustained that contention, and overruled the plea to the jurisdiction, and remanded the case for trial. 146 La. 405, 83 South. 690. Defendant then pleaded res judicata, based upon the judgment in the former suit; and, this plea having been sustained, plaintiff has again appealed.
[1] The plea was properly maintained. While this court gave a's its reason for affirming the judgment in the other suit that the courts were without jurisdiction, it nevertheless. affirmed the judgment unqualifiedly; thereby affirming a judgment rendered on the merits, which decreed the validity of the assessment. For an analysis of this former judgment see 146 La. 405, 83 South. 690, where it is shown that the court in that case entertained jurisdiction, and decided the case on the merits. See 251 U. S. 181, 40 Sup. Ct. 116, 117 (64 L. Ed. 2131, where same view is taken of said judgment by the Supreme Court of the United States, the court saying:
“The trial court exercised jurisdiction, sustained the tax, and dismissed the petition. Upon a broad appeal, the Supreme Court, after declaring that the constitutional amendment deprived the courts of the state of jurisdiction over the controversy, affirmed the judgment of the trial court.”
The said judgment therefore is conclusive.
“The principle which fixes the absolute conclusiveness of a judgment of a court of competent jurisdiction upon the parties and their privies applies whether the reasons upon which it was based were sound or not, and even if no reasons at all were given.” 15 R. C. L. 957.
Counsel say that that applies only where the court had jurisdiction. True, but the present suit is based ón the assumption that the courts do have jurisdiction of suits of this kind; and this court so held on the former appeal.
[2] There is an inconsistency in having remanded this case for trial, and now holding that the former judgment concludes the controversy. But this court can only decide the issues that are presented, and as presented.
Judgment affirmed.