nor was the matter of sale on terms of credit considered.

In the absence of any provision in the judgment to the contrary, the terms of sale must be for cash, and at not less than two-thirds of the appraised value of the property at the first offering. Succession of Hood, 33 La. Ann. 472; Sibley v. Pierson, 125 La. 522, 51 So. 502.

If it is the desire of either of the parties that the sale should be made on terms of credit instead of for cash, on proper application the district judge will doubtless grant the relief prayed for. As the sale on terms of credit was not submitted to the lower court, we do not feel authorized to amend the judgment in this respect.

The judgment appealed from is affirmed.

———

(105 So. 97)

No. 27299.

## STATE ex rel. ABNEY et al. v. POLICE JURY OF ST. TAMMANY PARISH.

(June 22, 1925.)

*(Syllabus by Editorial Staff.)*

**1. Highways ⬅90—Lapse of prescriptive period for attacking bond issue which was invalid held not to foreclose right to refuse to sell bonds.**

Where bond issue, authorized by Const. 1921, art. 14, § 14a, for purpose of constructing and maintaining certain designated roads, was violative of section 14f, and Act No. 46 of 1921, § 26, by increasing bonded indebtedness to more than 10 per cent. of assessed valuation of district, right and duty of police jury of parish to refuse to issue bonds, under section 33 *held* not foreclosed by lapse of 60-day prescriptive period for attacking bond issues, provided by Const. 1921, art. 14, § 14n.

**2. Highways ⬅90—Excessive bond issue could not be reduced to within statutory requirements on appeal from judgment enforcing entire issue.**

In action to compel police jury of parish to sell bonds for road district, which would raise bonded indebtedness over the 10 per cent. limit prescribed by Const. 1921, art. 14, § 14, and Act No. 46 of 1921, § 26, where judgment for petitioners was appealed by policy jury, reduction of bond issue to conform with limit of statute could not be permitted, in absence of alternative allegations of petition or prayer for such relief.

Appeal from Twenty-Second Judicial District Court, Parish of St. Tammany; Prentiss B. Carter, Judge.

Mandamus by the State, on the relation of Steve C. Abney and others, against the Police Jury of St. Tammany Parish, acting as governing authority of Road District No. 4. From a judgment granting the writ, respondent appeals. Reversed, with directions.

Lewis L. Morgan, J. Monroe Simmons, and C. Sidney Frederick, all of Covington, for appellant.

Harvey E. Ellis, of Covington, for appellees.

LAND, J. Relators, citizens, and taxpayers residing in road district No. 4 in the parish of St. Tammany obtained a judgment in the district court, making peremptory a writ of mandamus issued to the police jury of said parish, as the governing authority of said road district, compelling respondent to advertise for sale and to sell bonds to the amount of $150,000, which had been voted at a special election held in said road district on July 1, 1924, for the purpose of constructing and maintaining certain designated roads.

The petition of relators alleges the regularity, formality, and legality of said election, tax provision, and bond authorization, and that it is the mandatory duty of the respondent to sell these bonds. Respondent avers in its answer that road district No. 4 overlaps certain territory comprising a component part of road district No. 3, previously created by the police jury of St. Tammany parish, and admits that respondent declined to offer said bonds for sale, for the reason

that the aggregate bonded indebtedness of the overlapping territory would exceed 10 per centum of the assessed valuation of all the taxable property in said overlapping territory.

Relators, regarding the answer of respondent as an attack upon the bond issue, pleaded the prescription of 60 days under section 14n of article 14 of the Constitution of 1921. Said plea was sustained, and respondent has appealed.

[1] 1. Relators admit the contention of respondent that the bond issue would be in excess of the 10 per centum limitation on the assessed valuation of all the taxable property in the overlapping territory, but contend that this question has been foreclosed by the prescription pleaded, and that therefore it is the mandatory duty of respondent to advertise and sell these bonds.

We cannot concur in this view of the case, for the plain reason that, while section 14a of article 14 of the present Constitution permits various subdivisions of the state, including road districts, to incur debt and to issue negotiable bonds, when authorized by a vote of a majority, in number and amount, at an election held for that purpose, section 14f of said article provides that—

"No debt shall be incurred and bonds issued therefor by any subdivision hereunder for any one of the purposes herein provided, which, including the existing bonded debt of such subdivision for such purpose * * * shall exceed in the aggregate ten per centum of the assessed valuation of the taxable property of such subdivision, to be ascertained by the last assessment for parish, municipal or local purposes previous to incurring such indebtedness."

It is clear that section 14f of article 14 of the Constitution is both a limitation upon, and a prohibition against, the incurring of indebtedness and the issuance of negotiable bonds by the various subdivisions of the state.

This section is a prohibitory law, embodied in the Constitution itself, as a protection to the taxpayer against excessive taxation in the issuance of bonds.

Instead of said section compelling the performance by respondent of the duty of issuing and selling these bonds in the present case, said section has made it the plain mandatory duty of respondent not to incur debt and not to issue negotiable bonds therefor, in excess of the constitutional limit.

In order to carry into effect section 14f and other sections in article 14 of the Constitution, Act 46 was passed by the General Assembly in the year 1921.

Section 26 of said act provides that—

"No debt shall be incurred, nor bonds issued therefor by any subdivision hereunder, which including the existing bonded debt, excepting bonds issued and secured by an acreage tax and bonds issued under section 14, clause (e) of the constitution, shall exceed in the aggregate ten per centum of the assessed valuation of the taxable property of such subdivision, to be ascertained by the last assessment for Parish, municipal or local purposes, previous to incurring such indebtedness."

In order to prevent the violation of section 26 of said act, and of the constitutional inhibition of section 14f of article 14, it was provided in section 33 of Act 46 of 1921, that—

"Before bonds of any subdivision are issued hereunder the governing authority shall investigate and determine the regularity of the proceedings. The resolution authorizing the bonds may direct that they shall contain the following recital: 'It is certified that this bond is authorized by and is issued in conformity with the requirements of the Constitution and statutes of this state.' Such recital shall be deemed to be an authorized declaration by the governing authority of the subdivision and to import that there is constitutional and statutory authority for incurring the debts and issuing the bonds, that all the proceedings therefor are regular, that all acts, conditions and things required to exist, happen and be performed precedent to and in the issuance of the bond have existed, happened and have been performed in due form, time, and manner as required by law, that the amount of the bond together with all other indebtedness does not exceed any limit or limits prescribed by the constitution ,and statutes of this state and that an election has

been duly and regularly held, and the incurring of debt and the issuing of a negotiable bond therefor authorized by vote of a majority in number and amount of the property taxpayers, qualified to vote under the constitution and laws of this state, who voted at an election regularly called and held for the purpose after notice published or posted in the manner required by law. If any bond be issued containing the said recital, it shall be conclusively presumed that said recital, construed according to the import hereby declared, is true and neither the subdivision nor any taxpayer thereof shall be permitted to question the validity or the regularity of the obligation in any court or in any action or proceeding."

It is clear that this statutory estoppel, like the constitutional prescription of 60 days, is not applicable in the present case, and is not intended to protect the taxpayer, but the purchaser of the bonds, by securing the taxes levied to pay them against attack for any cause, either by the taxpayer or by the political subdivision levying the tax. Roberts et al. v. Evangeline School Board, 155 La. 331, 99 So. 280; Hardin v. Police Jury of Vernon Parish, 155 La. 899, 99 So. 690.

As a matter of fact, as far as the pleadings and record disclose, no bond resolution has been passed at all by respondent.

However, neither the Constitution nor any statute of this state, with which we are acquainted, has provided for estoppel or prescriptive period in relation to the act of refusal of the governing authority to issue bonds in excess of the constitutional limit, as between the taxpayer and the governing authority of the taxing subdivision.

It was the plain mandatory duty of respondent, after the proclamation of the result of the election, and before issuing the bonds, to investigate and determine the regularity of the proceedings. Act 26 of 1921, § 33.

Having discovered that the amount of the bonds, together with all other indebtedness, exceeded the constitutional and statutory limit, respondent complied with its clear mandatory duty not to issue and not to offer for sale the bonds voted in this case, as commanded by the prohibitory law of the state.

That it is the duty of the political subdivisions of the state to obey, and not to violate, the plain requirements of the Constitution and of the laws, and that this court is without authority or jurisdiction to compel any political corporation of the state to perform an illegal act, are propositions of law too self-evident for serious discussion. As the duty imposed upon respondent by law in this case is not to incur indebtedness and not to issue negotiable bonds in excess of the constitutional and statutory limit, and as respondent is without discretion in the discharge of such duty, the writ of mandamus issued herein improperly.

[2] 2. Relators contend in their brief that, although the bond issue in this case exceeded 10 per centum of the value of the property assessed in the overlapping territory, yet such bond issue should be declared null and void only to the extent that it exceeds such percentage, citing the case of Kansas City Southern Ry. Co. et al. v. Hendricks, Mayor, et al., 150 La. 134, 90 So. 545.

The suit in the case cited was brought to annul a bond issue authorized by the taxpayers of Cedar Grove, in the parish of Caddo, and, in the alternative, to enjoin the municipal authorities from disposing of the bonds otherwise than at par and for cash, and also to enjoin them from levying and collecting a tax to retire the bonds until they had been sold.

The instant case is not one to annul a bond issue. On the contrary, it is strenuously contended by relators that all of the proceedings herein are legal, regular, and valid in all respects, and that respondent cannot be permitted to attack the validity of the bond issue, after the prescriptive period of 60 days, which had already elapsed before the institution of the present proceedings by mandamus.

Upon this state of the pleadings and upon these issues alone relators have obtained a judgment perpetuating the writ of mandamus issued herein and compelling respondent to issue the full amount of the bonds authorized at the special election held, to wit, $150,000.

Relators have not appealed from this judgment, nor have they filed an answer in this court asking for any amendment of the same.

To allow a reduction of the bond issue in this case, on the ground of invalidity in part, under a prayer for general relief, made in a petition asserting the validity of the entire issue and praying for a mandamus to enforce the sale of the entire issue, cannot be permitted, for the reason that such judgment would be clearly contra petition, which contains neither alternative allegation nor prayer for such relief.

The judgment appealed from is therefore set aside and reversed. It is now ordered that there be judgment in favor of respondent, the police jury of the parish of St. Tammany, the governing authority of said road district, rejecting the demands of relators and dismissing this suit at their cost.

ST. PAUL, J., concurs in the decree.

ground of adultery. The issue presented is solely one of fact, and was solved by the learned trial judge in favor of the plaintiff. Some fourteen witnesses were called and testified on behalf of the plaintiff, and, while it must be admitted that the evidence of some of the witnesses appears incredible and unbelievable, yet, considering the testimony as a whole, we are not prepared to say that the court was not justified in decreeing a dissolution of the marriage between plaintiff and defendant.

We are disinclined to quote in this opinion the evidence as given by the witnesses. To rehearse the loathsome circumstances, and thus perpetuate in the judicial records the defendant's misconduct and breach of marital fidelity, would only add to the shame and humiliation which necessarily follows the decree of divorce, and this we feel quite sure would afford not the least gratification to the plaintiff and the grown children born of his marriage with the defendant.

It suffices, therefore, to say that, after a mature and careful consideration of the evidence, we are constrained to reach the same conclusion as did the trial judge who heard and saw the witnesses.

We may say in this connection that the plaintiff's allegations are sustained by the evidence of Mrs. Bloath, Mrs. Shields, Miss Alice Morgan, and Basile Economides, without taking into account the testimony of the several other witnesses who gave damaging evidence against the defendant.

For the reasons stated, the judgment appealed from is affirmed.

O'NIELL, C. J., absent.

---

(105 So. 100)

No. 26760.

## JOSEPH L. RYAN v. DOROTHY GLASS-COCK.

(May 25, 1925. Rehearing Denied June 22, 1925.)

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Curtis & Hall, of New Orleans, for appellant.

A. T. Higgins and Max M. Schaumburger, both of New Orleans, for appellee.

THOMPSON, J. This is a suit by the husband against the wife, for a divorce on the

---

(105 So. 100)

No. 27262.

## STATE v. Leroy THOMAS.

(June 22, 1925.)

Appeal from Criminal District Court, Parish of Orleans; A. D. Henriques, Judge.

George F. Bartley, of New Orleans, for appellant.

Percy Saint, Atty. Gen., and Henry Mooney, Dist. Atty., and Eugene Stanley, Asst. Dist. Atty., both of New Orleans, and Percy T. Ogden, Asst. Atty. Gen., for the State.

ST. PAUL, J. Defendant appeals from a conviction and sentence for petty larceny.