CHENAULT *v.* HOUSTON COCA COLA BOTTLING CO.*

(Division B.    Sept. 24, 1928.)

[118 So. 177.    No. 26302.]

---

*Corpus Juris-Cyc References: Food, 26CJ, p. 785, n. 86; On liability of manufacturer or packer of article intended for human consumption, specifically as to food or beverages, see annotation in 17 A. L. R. 688; 39 A. L. R. 995, 997; 24 R. C. L. 513; 4 R. C. L. Supp. 1425; 6 R. C. L. Supp. 1543.

*James W. Cassedy, Jr.* and *Rush H. Knox,* for appellant.

*Creekmore & Creekmore,* for appellee.

370

Argued orally by *James W. Cassedy, Jr.* for appellant, and *H. H. Creekmore,* for appellee.

PACK, J. Appellant sued appellee in the circuit court of Pontotoc county. The declaration alleges that appellee was engaged in manufacturing and bottling for human consumption as a beverage, a drink known as Coca Cola; that said Coca Cola is manufactured, bottled, and sold by appellee, under an implied warranty that it contains no foreign substance or matter that would be harmful or injurious to persons when drank as a beverage; and that appellant purchased from a local dealer a bottle of said drink so manufactured and sold by appellant, drank a portion thereof, when it was discovered that it contained some foreign substance or matter that made him sick, causing him to suffer, and necessitating the expenditure of money for medical attention.

Appellant demurred to the declaration, the main grounds being that there was no implied warranty of the manufacturer that at the time of consumption it would be wholesome and fit for human consumption; and, second, there was no privity of contract shown between the appellant and appellee as to the Coca Cola alleged to have been bought and consumed by appellant.

The demurrer was sustained by the trial court. Plaintiff (appellant here) declining to plead further, final judgment was rendered in favor of defendant (appellee here), from which this appeal was taken.

In the case of *Jackson Coca Cola Bottling Co.* v. *Chapman*, 106 Miss. 864, 64 So. 791, this court held that—"When a manufacturer makes, bottles and sells to the retail trade, to be again sold to the general public, a beverage represented to be refreshing and harmless, he is under a legal duty to see to it that, in the process of bottling, no foreign substance shall be mixed with the beverage, which, if taken into the human stomach, will be injurious."

In the same case it was also held that the bottler owes this duty to the general public, for whom his drinks are intended, as well as to the retailer, to whom he sells.

The doctrine of implied warranty by the manufacturer of a beverage to be free from deleterious substances, and fit for human consumption, was announced in *Rainwater* v. *Coca Cola Bottling Co.*, 131 Miss. 315, 95 So. 444, and has been followed in *Grapico Bottling Co.* v. *Ennis*, 140 Miss. 502, 105 So. 97, 44 A. L. R. 124, and *Coca-Cola Bottling Works* v. *Lyons*, 145 Miss. 877, 111 So. 305.

Counsel for appellee concede that unless these cases are overruled the case at bar should be reversed. Able argument is made that the authorities cited in support of the Chapman and Rainwater cases do not support these cases. It may be true that the quotation in the *Chapman case, supra,* from *Watson* v. *Augusta Brewing Co.*, 124 Ga. 121, 52 S. E. 152, 1 L. R. A. (N. S.) 1178, 110 Am. St. Rep. 157, and adopted by this court, was taken out of its setting and not intended by the Georgia court to establish the doctrine of implied warranty for the state of Georgia The doctrine, however, is sound, and our court is so definitely committed to it that we decline to disturb it. It has for its aim the protection of health and human life, and squares with social justice.

We think the trial court was in error in sustaining the demurrer, and the judgment will be reversed and remanded, with leave to plead to the declaration.

*Reversed and remanded.*