ODOM, Justice.
 

 We find in the record the opinion of District Judge Paul Debaillon, in which the issues involved in this case are clearly stated. His opinion in full reads as follows :
 

 “This is a suit attacking the legality of the special election held in the City of Jennings on August 4, 1936, authorizing it to incur debt and issue bonds for the purpose of improving and extending the present water works and sewerage systems and the construction of such extension. The plaintiffs seek to have said election decreed illegal, null and void and to enjoin and restrain the Mayor and Commission Council of the City of Jennings from issuing and selling the bonds or levying, assessing and collecting taxes to pay the same.
 

 “The ground of attack is that the sewerage system or its proposed improvement, and the water works system or its proposed improvement are two separate and distinct utilities and, consequently, said two contemplated improvements could not be submitted in said election as one proposition and voted on as one, as being in contravention of Act No. 46 of the Acts of the Legislature of Louisiana of the year 1921 (Ex.Sess.), as amended, and more particularly section 16 thereof.
 

 “Defendant takes a decidedly opposite view of the question, viz: that the sewerage and water works systems of the City of Jennings constitute one utility only, in that they are conjoined and are operated as one plant, and cite in support of this contention the cases of Gisclard v. City of Donaldsonville, 159 La. 738, 106 So. 287 and McCann et al. v. Mayor and Councilmen of Morgan City, 173 La. 1063, 139 So. 481, wherein it was held that an electric and water works plant, while in fact two separate units, may be legally combined and operated as one plant.
 

 “The present suit was not instituted until October 13, 1936, more than sixty days after the promulgation of the result of the election on August 6, 1936. Defendant has specially pleaded the prescription of sixty days under subdivision (n) of section 14 of article 14 of Louisiana’s Constitution of 1921 and section 43 of Act No. 46 of the Extr.a Session of the Legislature of Louisiana of the year 1921, in bar of plaintiffs’ right of action and in bar of the right of the Court to inquire into the matters complained of. If this special plea is good, and, therefore, maintained there will be .no necessity of making an inquiry into the merits of the contro
 
 *817
 
 versy; in fact, the Court would be barred from doing so.
 

 “In the case of Roy et al. v. City of Lafayette, 168 La. 1081, 123 So. 720, resident tax payers of the City of Lafayette attacked a special election held in said City, and the bond issue authorized thereat on three specific grounds, only one of which need be mentioned here, although the other two were equally serious grounds. It was urged that the bonds voted at said election were for a purpose positively unauthorized by the Constitution and clearly in contravention of its express provisions, viz: for the purpose of readjusting, refunding, extending and unifying a general indebtedness of said City that did not exist on January 1, 1921, but on the contrary arose long thereafter, while the constitution (article 14, § 14, subd. (g) authorizes such readjustment of a general indebtedness existing on January 1, 1921, and, consequently, no other. Despite the seriousness of this objection and that of the other two the Court merely made mention of them and swept them aside by quoting verbatim the Constitutional provision relating to the prescription of sixty days, and italicizing what it considered decisive of the issue and fatal to plaintiffs’ action. As thus italicized it reads: See Decision. In this case the ground urged is a mere informality in comparison to the ones urged in the City of Lafayette case, and this Court is bound by that decision. What was therein said may as pertinently be said here, — that the special election in the cited and the instant cases was held under the provisions of section 14 of article 14 of the Constitution and of Act No. 46 of the Extra Session of 1921, and, consequently, more than sixty (60) days having elapsed since the promulgation of the election returns before the institution of the suit contesting the election, plaintiffs’ right of action is barred, as is also the right of the Court to inquire into the matter complained of. Any change in the doctrine or conclusion or views announced in the City of Lafayette case, and others, equally applicable to the present issues, should come from the Supreme Court itself, and not from the lower Court.
 

 “The plea of prescription or in bar is maintained and plaintiffs’ demands are rejected and their suit is dismissed at their costs.”
 

 Plaintiffs appealed from this judgment, and in briefs filed in this court counsel for plaintiffs concede that if the irregularity of which they complain is merely a relative nullity the judgment is correct. But they contend that the' prescription of 60 days established by section 43, Act No. 46 of 1921 (Ex.Sess.) and subdivision (n), § 14, article 14 of the Constitution of 1921 does not apply to radical or absolute nullities in bond tax elections. They argue that a sewerage system and a water system are two separate and distinct public utilities having no necessary connection or relation the one with the other, and that for a municipality to submit to the .voters a proposition to issue bonds for the extension of the two systems on one and the same ballot is illegal and absolutely null and void.
 

 
 *819
 
 In support of their contention that an absolute nullity in the calling and holding of such elections is not cured by the prescription of 60 days, they cite the following cases: State ex rel. Abney v. Police Jury, 159 La. 53, 105 So. 97; Covington Bank & Trust Co. v. Covington Town, 159 La. 389, 105 So. 382; Joyce Company v. Tangipahoa Parish, 146 La. 322, 83 So. 587; Godchaux v. Estopinal, Sheriff, 146 La. 405, 83 So. 690.
 

 The ballot used in this election, with certain words and phrases omitted, reads as follows:
 

 “Shall the City of Jennings, La., incur debt and issue bonds * * * for the purpose of improving and extending the present waterworks and sewerage system in and for the said City and the construction of such extension, the title to which shall vest in the public.”
 

 We quote the following from the agreed statement of facts found on Page 13 of the record:
 

 “The sewerage and water works system to be improved and extended with funds derived from the sale of the bonds voted, will all be located within the corporate limits of the City of Jennings.
 

 “The City of Jennings has operated its present sewer and water system as one utility and plant with one equipment since 1903, when it was established. Since that time it has maintained and operated and now owns, maintains and operates a combined sewerage and water works plant as one system or one unit, or utility, under one management, and that the debt to be incurred and the bonds to be issued is for the purpose of improving and extending said utility, system and unit of sewerage and water works plant, or utility, which will also be operated by the City as one utility, system and unit, under one head and one management.
 

 “The equipment maintained and employed by the City of Jennings, for the maintenance and operation of the present water and sewer, are housed in the same building and under the same roof.
 

 “The City of Jennings maintains only one crew of men to look after both the water and sewer.
 

 “The sewer charges and water rentals are collected together by the same collector and credited to one account without any segregation. And bills for water and sewer maintenance are paid from that fund without the keeping of separate accounts.”
 

 In both the ballot and the agreed statement of facts the sewerage and water works of the City of Jennings is referred to as one “system,” not two systems. The two are combined into one unit. A municipality may, of course, have a sewerage system and a water system, the one separate from the other; but as a matter of fact that is not true in this case. Here the sewerage and water works are combined into one system. Therefore, our rulings in McCann et al. v. Mayor and Councilmen of Morgan City, 173 La. 1063, 139 So. 481, and Gisclard v. City of Donaldsonville, 159 La. 738, 106 So. 287, foreclose the question presented by the appellants in this case.
 

 
 *821
 
 It was entirely proper for the municipality to submit the proposition just as it did. There was no irregularity at all.
 

 The judgment of the district court holding that plaintiffs5 action was barred by the prescription of 60 days was correct and is accordingly affirmed at the costs of appellants.