45 So.2d 745

**HOLT et al. v. VERNON PARISH SCHOOL BOARD.**

No. 39709.

March 20, 1950.

2.

Ted R. Broyles, Leesville, for plaintiffs-appellants.

J. Reuel Boone, Many, Jack L. Simms, Leesville, for defendant-appellee.

PONDER, Justice.

The plaintiffs have appealed from a judgment of the lower court rejecting their demand to annul a special election held on May 10, 1949 in Ward 3 of Vernon Parish.

At this special election a proposition was submitted to the voters of Ward 3, Ward Wide School District No. 160, to incur debt and issue negotiable bonds, or other negotiable instruments, to the amount of $82,000 to run for a period of fifteen years, bearing interest at a rate not exceeding 4% per annum, payable semi-annually "for the purpose of constructing and equipping a gymnasium-auditorium, lunch room, and repairing present school buildings at Evans, Louisiana, in said District."

The plaintiffs contend that the election was illegal because more than one proposition was submitted to the voters without affording them an opportunity to vote on each proposition separately in violation of Section 16 of Act No. 46 of Extra Session of 1921, as amended by Act No. 282 of 1938 and Act No. 6 of the Extra Session of 1940, which provides that when more than one proposition is submitted to the voters at a special election, each proposition must be submitted in such a manner as to enable the voters to vote thereon separately.

The purpose of this election was to make improvements on this school unit in order that it might comply with modern standards. The mere fact that the im-

provements are detailed in the proposition does not create separate objects. We cannot agree with the plaintiffs that three different projects were submitted to be voted on at this election. A bond issue could be presented as one proposition if it was for the purpose of constructing the school unit as a whole and we' see no reason why a proposition could not be submitted to the voters for the improvement of this unit without affording an opportunity to vote separately on each item of improvement.

■ It appears that the test recognized by the jurisprudence of this state and other states is whether or not there exists a natural relationship between the structures or objects to be united in one proposition and a large discretion is vested in the courts in determining the relationship existing between the structures and objects. If there exists a natural relationship between the structures or objects it can be submitted in one proposition. In 4 A.L.R. 2d page 621 this general rule or test is very well stated and many cases cited in support of it. See also 18 Am.Jur. page 299 para. 181, Verbo Elections—"Separation of Propositions"; 43 Am.Jur. page 345, para. 92, Verbo Public Securities and Obligations; 19 Ruling Case Law, page 999, Verbo Municipal Corporations, and the many cases referred to.

In the case of Gisclard v. City of Donaldsonville, 159 La. 738, 106 So. 287, the contention was urged that the electric light plant was being hypothecated for the purpose of extending and improving the waterworks system by the construction and acquisition of a water filtration plant. It was pointed out therein that the waterworks and electric light plant was regarded as one utility because it was being operated as such.

In the case of McCann v. Mayor and Councilmen of Morgan City, 173 La. 1063, 139 So. 481, 482 the election was held to determine whether bonds should issue for the purpose "of constructions, extensions, and improvements of the present municipal waterworks plant and system, so as to constitute a combined or single water, electric light, and power plant, and thereby furnish a more efficient service at less operating cost." It was urged in that case that the existing utility was being hypothecated for the benefit of another separate and distinct utility. The court relying on the holding in the Gisclard case rejected this contention.

The school at Evans is undoubtedly being operated as one unit and there exists a decided natural relationship between the items of improvements recited in the proposition. The recital of these improvements does not create separate objects and they may be submitted as one proposition. ·

The authorities cited by the appellants do not bear out their contention. In the case of Antuono v. Tampa, 87 Fla. 82, 99

So. 324, the proposition submitted contains several unrelated objects. In the case of State v. Dade County, Fla. 39 So.2d 807 the rule is stated that separate objects cannot be submitted in a single proposition but it was held therein that the proposition was for a single purpose although five bridges were involved.

We have examined the other cases cited by the appellants, which are not in point, and see no reason to encumber this opinion with a discussion of these cases cited by courts of other states which all seem to hinge on the test as to whether the objects or subjects are naturally related.

■ The plaintiffs contend that the election is illegal because many of the voters had their assessments raised and that these assessments were used in the election instead of the 1948 assessments as contemplated and made mandatory by Section 14 of Act No. 46 of 1921, Ex.Sess. It appears from the evidence in this case that a correction, to comply with Section 14 of Act No. 46 of 1921, Ex.Sess. of the property valuations would not change the result of the election. The validity of the election in this respect cannot be questioned unless it be established that the voters were deprived of votes sufficient in number and amount to have changed the result of the election. Act No. 46, of 1921, Ex.Sess. as amended.

For the reasons assigned, the judgment is affirmed at appellants' cost.