[No. 9,157. Department One.—February 13, 1884.]

DANIEL MEYER, APPELLANT, v. JAMES N. PORTER, TREASURER, ETC., RESPONDENT.

MUNICIPAL CHARTER—REPEAL—CONTRACTS.—The repeal of a municipal charter does not impair the validity of contracts made under its provisions.

TREASURER—PAYMENT OF INTEREST—MANDAMUS.—Where the provisions of a municipal charter make it the duty of the treasurer to pay the interest of certain bonds when the same falls due out of a fund provided for that purpose, such payment is a duty specially enjoined by law upon the officer, and may be enforced by mandamus.

ID.—INTEREST COUPONS—PRESENTATION FOR AUDIT AND ALLOWANCE—DEFENSE.—It is no defense to a proceeding for mandamus brought by an individual bond-holder that the interest coupons had not been presented to the board of trustees for examination and audit, nor that there are other bond-holders interested in the fund who have not demanded payment.

STATUTE OF LIMITATIONS.—Such interest coupons are not barred by the Statute of Limitations until the bonds to which they belong are barred.

APPEAL from a judgment of the Superior Court of the county of Sacramento.

The judgment was upon demurrer to the appellant's petition for a writ of mandate.

The facts are stated in the opinion of the court.

*Rosenbaum & Scheeline,* and *S. C. Denson,* for Appellants.

The payment of the interest coupons was a duty specially enjoined by law upon the treasurer, and its performance may be enforced by mandamus. (Code Civ. Proc. § 1085; *Draper* v. *Noteware,* 7 Cal. 278; *Calaveras Co.* v. *Brockway,* 30 Cal. 326; *Middleton* v. *Low,* 30 Cal. 596; *Harpending* v. *Haight,* 39 Cal. 212; *Robinson* v. *Supervisors of Butte Co.* 43 Cal. 353; *Day* v. *Callow,* 39 Cal. 593; *State* v. *Gandry,* 12 Neb. 232; *State* v. *Mount,* 21 La. An. 352; *Reynolds* v. *Taylor,* 43 Ala. 420; *People* v. *Brennail,* 39 Barb. 536; *Putnam Co.* v. *Allen Co.* 1 Ohio St. 322; *Burnet* v. *Auditor,* 12 Ohio, 57; *State* v. *County Auditor,* 19 Ohio, 116; *People* v. *Flagg,* 17 N. Y. 584; *Insane Hospital* v. *Higgins,* 15 Ill. 185; Dillon on Mun. Corp. §§ 685–691; High on Ex. Leg. Rem. §§ 382, 387; Cooley Taxation, pp. 524, 525; *Robinson* v. *Supervisors,* 43 Cal. 353; *Himmelmann* v. *Cofran,* 36 Cal. 411; *C. N. R. R. Co.* v. *Butte Co.* 18 Cal. 671; *Napa V. R. R. Co.* v. *Napa Co.* 30 Cal. 435; *Galena*

v. *Amy*, 5 Wall. 705; *Supervisors* v. *United States*, 4 Wall. 435; *Memphis* v. *Brown*, 97 U. S. 300; *Amy* v. *Supervisors*, 11 Wall. 136; *Huff* v. *Knapp*, 1 Seld. 65; *People* v. *Meed*, 24 N. Y. 114; *Von Hoffman* v. *City of Quincy*, 4 Wall. 535; *Williamsport* v. *Commonw.* 90 Pa. St. 498; *Commonw.* v. *Pittsburg*, 34 Pa. St. 496; 2 Met. (Ky.) 275.) There is nothing in the point that the city cannot be sued. (*Meyer* v. *Brown*, 3 West C. Rep. 106–760; *Nute* v. *Hamilton Mut. Ins. Co.* 6 Gray, 174; *Hobbs* v. *Insurance Co.* 56 Me. 421; *Insurance Co.* v. *Morse*, 20 Wall. 445.)

*W. A. Anderson*, and *McKune & George*, for Respondent.

This proceeding is practically a suit against the city. Such a proceeding is not permitted by the terms of the charter. (Stats. of 1863, p. 415; *Rogers* v. *Burlington*, 3 Wall. 663; Clemens on Corp. § 24; *Hunsaker* v. *Borden*, 5 Cal. 290; *Sharp* v. *Contra Costa Co.* 34 Cal. 290; *City and County of San Francisco* v. *Beideman*, 17 Cal. 462; *McCauley* v. *Brooks*, 16 Cal. 34; *People* v. *Doe*, 36 Cal. 220; *Rose* v. *Estudillo*, 39 Cal. 275; *Sinton* v. *Ashbury*, 41 Cal. 530; *Winbigler* v. *City of Los Angeles*, 45 Cal. 36; *Tranter* v. *City of Sacramento*, 61 Cal. 271; *Merriwether* v. *Garrett*, 102 U. S. 472; *Louisiana* v. *Jumel*, 107 U. S. 711.)

Under the provisions of the charter the demand should have been presented to the board of trustees for examination and allowance.

The respondent holds the money in trust for all the bondholders. The remedy of the petitioner is in equity. (Civ. Code, §§ 2216–2222; *Peterkin* v. *City of N. O.* 2 Woods, 100; Perry on Trusts, §§ 751, 826, 873, 875, 876, 881; Hill on Trusts, 518–523.) All the parties beneficially interested must be represented. (*Hosking* v. *Nicholls*, 1 Younge & C. Ch. 478; *Yates* v. *Hambly*, 2 Atk. 237; *Osbourn* v. *Fallows*, 1 Russ. & M. 743; *Maenhaut* v. *City of N. O.* 2 Woods, 109; *Ranger* v. *City of N. O.* 2 Woods, 128.)

McKEE, J.—Application for a writ of mandate to compel the treasurer of the city of Sacramento to pay, out of funds in the city treasury, certain past due and payable coupons, belong-

ing to bonds, issued by the city of Sacramento, of which the plaintiff is the owner and holder.

The fund, out of which payment is demanded, is known as the "interest and sinking fund" of the city of Sacramento. It is admitted there was in that fund, when the coupons were presented and payment demanded, the sum of one hundred thousand dollars, yet the treasurer refused to pay, and the court below sustained him in his refusal.

The coupon bonds in the hands of the petitioner were issued under a charter granted to the city in April, 1858. That charter empowered the municipal authorities to issue bonds for the past indebtedness of the former city government, and to set apart and appropriate fifty-five per cent of the municipal revenue, when paid into the treasury, "to an interest and sinking fund, which shall be applied to the payment of the annual interest and the final redemption of bonds issued for city indebtedness, in accordance with the provisions of this Act." (§§ 34, 35, Stats. 1858, p. 279.) The bonds were therefore issued under a law which provided for their redemption as they became due, with interest thereon, payable annually until redeemed. But the charter also provided that, "the city and county shall not be sued in any action whatever, nor shall any of its lands, buildings, improvements, property, franchises, taxes, revenue, actions, choses in action, and effects be subject to any attachment, levy or sale, or any process whatever, either mesne or final." (§ 1, Stats. 1858.)

In 1863 the charter or 1858 was repealed, and a new charter substituted. The repeal of the old charter did not impair the validity of contracts made under its provisions.

In fact, the substituted charter of 1863 contained the same provision for an "interest and sinking fund" for the payment of the annual interest of the bonds and of their redemption as that contained in the repealed charter; and it also contained an implied prohibition against suits or actions against the city upon any bonds which had been issued under the former charter. Therefore it is contended that by both the original and substituted charters the holders of these city bonds took and held them with notice that no actions upon them could be maintained against the city.

But however that may be, it is no answer to a proceeding by *mandamus* against an officer of the city to compel the performance of a duty, in connection with the payment of the bonds, which the law, under which. they where issued, has specially enjoined upon him. (*Meyer* v. *Brown*, 12 Pac. C. L. J. 153.) If, therefore, it was the clear legal duty of the treasurer to do the act demanded of him, performance of it can be compelled; and the only question is, was it the duty of the treasurer to pay the coupons, when presented to him, out of the fund which he had on hand?

That fund contained one hundred thousand dollars, and the moneys had been set apart and appropriated for the purpose of the payment of the annual interest and final redemption of the bonds. (Stats. 1858, p. 279; Stats. 1863, p. 426.) The interest was made payable at the office of the treasurer on the 1st day of January of each year (§ 37, Stats. 1858, p. 280), and says section 40 of the same statute: "It shall be the duty of the treasurer to pay the interest on said bonds, when the same falls due, out of said interest fund as provided in this act." Thus the duty to pay is specially enjoined upon the officer. It is a special duty with regard to the bonds which is imperative upon him over and beyond the ordinary duties of his office as prescribed by other provisions of the charter, ordinances or orders of the municipal authorities. Being a special duty, no other statute, ordinance or order was requisite for its performance.

Nor was it necessary that the coupons should have been presented to the board of trustees and auditor for examination and audit, as ordinary accounts of claims against the city, under the provisions of sections 2, 5, 8, 9 of the Act of 1863; for as the law under which they and the bonds to which they belonged were issued made it the duty of the treasurer to pay them in the manner, and out of the fund provided for that purpose, no warrants were necessary to authorize their payment. Nor is the fact, if it exists, that there are other creditors interested in the fund provided for their payment, who have not demanded payment, any answer to the application of the petitioner. Nonaction by others having even equal rights with him, in a matter on which his right is founded, cannot prejudice him in the assertion of his right nor excuse non-performance of a duty in

connection with it specially enjoined by law. And as the coupons partake of the nature of the bonds to which they belong, and against which the Statute of Limitations had not run, they were not barred by the statute.

Judgment reversed and cause remanded.

Ross, J., and McKINSTRY, J., concurred.

Hearing in Bank denied.