### HAUSMEISTER *v.* PORTER, Treasurer, etc.

*(Circuit Court, D. California.  August 25, 1884.)*

EQUITY JURISDICTION — ADEQUATE REMEDY AT LAW — REV. ST. § 723—PAYMENT OF COUPONS ON MUNICIPAL BONDS—MANDAMUS.

Where a writ of *mandamus* will lie to compel a city treasurer to pay coupons due on bonds of the city out of the fund provided by statute, or to compel the proper officers to set apart taxes collected as a sinking fund for the payment thereof, the bondholder has an adequate remedy at law, and cannot proceed by bill in equity, not ancillary to any pending proceeding at law, to enjoin the application of the funds to other purposes.

In Equity.

*Rosenbaum & Scheeline* and *S. C. Denson,* for complainant.

*W. A. Anderson* and *J. H. McKune,* for defendant.

SAWYER, J.  This is a bill in equity, filed against the treasurer of Sacramento city by a holder of $10,000 of the bonds, and $600 overdue coupons thereon, of the city of Sacramento, issued in pursuance of the laws, and under the circumstances fully set forth in *Kennedy v. City of Sacramento,* 19 FED. REP. 580.  The bill alleges the facts relating to the issue of the bonds and the amount held by complainant; that there is a large amount of money—$174,000 and upwards—in the interest and sinking fund in the city treasury, applicable to the payment of said coupons, and something over $170,000 of taxes and water rents, collected for the year 1883–84, in the city treasury, and that "it is the duty of said treasury to apportion and set apart to said 'interest and sinking fund' fifty-five per cent. of the whole of said revenues, and to hold and pay out the said fifty-five per cent. of said sums for the purposes of said fund and no other purpose;" that the complainant has demanded payment of said coupons held by him, and that said treasurer should set apart said 55 per cent. to said interest and sinking fund, and only apply it for the proper uses of said fund; that said treasurer refuses to comply with said demand, and is unlawfully diverting said fund to other objects of city expenditure, and, if not restrained from so doing, will appropriate the whole of said fund to such other objects, and leave nothing applicable to the payment of said bonds and coupons.  He therefore asks, as relief, that defendant be perpetually enjoined from paying out said money for any other purpose than the liquidation of said bonds and coupons;

and he further asks for a preliminary injunction pending the suit. Defendant. demurs to the bill on the ground of want of equity, and that the facts disclosed show no cause of equitable jurisdiction.    He also opposes the preliminary injunction on the same grounds.

Section 723, Rev. St., provides that "suits in equity shall not be sustained in either of the courts of the United States, in any case where a plain, adequate, and complete remedy may be had at law." And this provision has been often recognized and enforced by the supreme court of the United States; as in *Hipp* v. *Babin*, 19 How. 271; *Parker* v. *Winnipiseogee Co.* 2 Black, 545; *Watson* v. *Sutherland*, 5 Wall. 74, and many other cases.

In this case, if, as alleged, there are funds in the treasury applicable to the purpose, it appears to me that the complainant has a plain, adequate, and complete remedy at law, by *mandamus*, for the non-payment of any lawful coupons held by him now due.    Also, a complete remedy at law, by *mandamus*, if any remedy he has at this time, to compel defendant to set apart any moneys in the treasury required by law to be set apart as a "sinking fund" for the payment when they fall due of any bonds held by him not yet matured.    In a case relating to a part of these same bonds, the supreme court of California, in *Meyer* v. *Porter*, 2 Pac. Rep. 884, held that a *mandamus* should issue to compel the treasurer of Sacramento to pay the overdue coupons, there being money in the treasury applicable to their payment.

It is alleged in the bill that there is a much larger amount of money applicable to the purpose in the treasury than is necessary to pay complainant's overdue coupons.    That being so, the supreme court hold that it is the duty of the treasurer to pay them, and, if he refuses payment, that he can and should be compelled to pay them by *mandamus*.    So, also, in *Meyer* v. *Brown*, the supreme court of the state, sitting in bank, in regard to this same class of bonds, unanimously held the writ of mandate to be a proper remedy to compel the city authorities to levy a tax to supply a fund to pay these coupons.    In this case the court followed the judgment of the supreme court of the United States in *Louisiana* v. *Pilsbury*, 105 U. S. 302, which directed a writ of *mandamus* to issue to compel the city of New Orleans to levy an annual tax to pay the interest on the bonds then in question.    See, also, *Kennedy* v. *Sacramento*, 19 FED. REP. 580.

From these cases it is clear that if there is money in the city treasury applicable to the purpose,—and it is alleged that there is,—the treasurer can be readily compelled by *mandamus* to pay the amount due complainant on his coupons; and if the officers do not provide the funds by levying the proper tax, that they can be compelled to do so by *mandamus*.    This is a remedy at law direct, speedy, and adequate, and, as was stated in the last case cited, the only remedy, in view of the provisions of the statute under which the bonds were

issued and accepted. The decree asked for in this bill would afford no relief whatever without other and independent proceedings at law. It would simply keep the money in the treasury. No decree for the payment of the money could be made, because a judgment against the city, at law, would be ample for that purpose where a judgment could be had, and no such decree is asked. But, in the case of these bonds, it was held in *Kennedy* v. *Sacramento, supra,* that a judgment at law against the city could not be obtained under the statute. For the same reasons, no decree in equity could be had, even if the court had jurisdiction in other respects to enter such a decree. But it has none, as the remedy, if any, would be a judgment at law. The decree asked does not appear to be ancillary to any proceeding at law now pending, or even contemplated, to obtain the money if retained in the treasury. But if it is the duty of the treasurer to pay these coupons out of the funds alleged to be in the treasury, the most direct, speedy, and effective way to obtain payment is by *mandamus* in a court of law. This remedy is complete and adequate. It would not only prevent the money from being diverted to other purposes,—all that this bill seeks,—but would secure the payment of the overdue coupons held by complainant, and be, in itself, a full and adequate remedy, while that sought in this bill could only be ancillary to some other remedy in a court of law, to which complainant would be driven at last.

The bill, in my judgment, presents no case of equitable cognizance. The preliminary injunction must be denied, the demurrer to the bill sustained, and the bill dismissed; and it is so ordered.