### SHELLEY *v.* ST. CHARLES COUNTY COURT and another.[1]

*(Circuit Court, E. D. Missouri.   September 20, 1884.)*

1. MUNICIPAL BONDS—BONDS NOT "ORDERS."

   Bonds issued under the act of the general assembly of Missouri concerning the reclamation of swamp lands, approved March 14, 1870, are not "orders" or warrants within the meaning of section 8 of the act of March 3, 1869, and are payable at maturity, regardless of the order of their presentation for payment.

2. SAME—PROMOTION OF SUITS FOR COLLECTION OF TAXES—EQUITABLE LIEN.

   The fact that delinquent taxes, levied for the payment of county bonds of a certain class, have been collected and paid into the county treasury through the instrumentality of an attorney, acting for a holder of bonds of that class, does not entitle such bondholder to a lien upon the funds so collected.

*Mandamus.*   Demurrer to return.

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

This is a proceeding by *mandamus* against the judges of the county court of St. Charles county, in the state of Missouri, and the treasurer of said county, to enforce the satisfaction of a judgment rendered in this court upon certain bonds and coupons issued by St. Charles county, under the act of March 14, 1870, for the improvement of certain swamp lands. The relator alleges that said treasurer has $1,687.50 in his hands, which should be applied towards the payment of said judgment, and that the payment of said sum upon the bonds merged in said judgment has been demanded and refused. In answer to an alternative writ of *mandamus*, directed to him and said judges, said treasurer has made a return in which he substantially admits the possession of $1,687.50 as proceeds of a tax levied to pay the bonds in judgment merged; but, in denial of relator's rights to a peremptory writ, said treasurer sets up that the taxes levied in pursuance of the act of 1870, for the payment of bonds and coupons issued thereunder, became in great part delinquent for the years 1873 to 1877, inclusive; that from sales made under execution issued on judgments rendered upon suits brought by the collector to recover the same, certain moneys were collected, out of which the attorneys for the collector, as well as the collector himself, retained as fees certain sums in excess of the legal allowance, which sums so illegally retained were refunded on suit brought by the county court, and paid into said treasurer's hands, and constitute the fund now in his possession; that the suits instituted for the recovery of said taxes and illegal allowances were promoted by one Theodore McDearmon, an attorney who represented two parties, who together owned $5,500 of bonds issued under said act, and which matured before those merged in the relator's judgment; that payment of said fund upon the bonds merged in the relator's judgment had been refused, when demanded, because of the aforesaid facts, and because said McDearmon had previously, and before said fund came into said treasurer's hands, demanded payment of the bonds owned by his clients, and the demand, though refused, had been duly noted as required by law. In conclusion the respondent states that he is ready and willing to pay over said sum to the proper party, but does not know whether it should be paid to the relator or McDearmon's clients. To this return the relator demurs.

*E. B. Sherzer*, for relator.

*Dyer, Lee, & Ellis*, for respondent.

BREWER, J., (*orally*.) In the *mandamus* proceeding against St. Charles county, as far as the proceedings are now concerned against the treasurer, there are two questions presented by him: *First*, that under the law of 1869, which provided for the issue of warrants, they were to be paid in the order of their presentation to the county treasurer, and the provisions of that law are invoked on behalf of the fund now in the hands of the county treasurer. We do not think that law applicable. The law of 1870 provided for the issue of bonds running through a certain series of years. There is a vast

difference between bonds and warrants. Warrants are general orders payable when funds are found, and there is propriety in the rule providing that they shall be paid in the order of presentation, the time of presentation to be indorsed by the treasurer on the warrants. But bonds are obligations payable at a definite time, running through a series of years. They are payable when the time of their maturity arrives, independent of any presentation. So we think, impliedly, the law of 1870 does away with that restriction as to payment in order of presentation. The other question is that there is a sort of equitable lien on these funds in favor of the holders of some other claims, by reason of the fact that this fund was brought to the treasury through the instrumentality of the attorney of such claimants. We fail to see how that lien can exist. There was a legal duty to collect this fund, and, if urged by and at the instance of some other party, that fund was collected, such urgency or interference or effort on his part does not give to him an equitable lien on the funds. ·So we think the *mandamus* must go directing the county treasurer to pay over this money.