UNITED STATES ex rel. DANA v. VILLAGE OF KENT et al.

(Circuit Court, N. D. Ohio, E. D. March 6, 1901.)

1. VILLAGES—TAX TO PAY INTEREST ON INDEBTEDNESS—AUTHORITY AND DUTY TO LEVY—LIMITATION.

Rev. St. Ohio, § 2683, subd. 22, provides that a village council may levy annually, to pay interest on its public debt and provide a sinking fund, a sum sufficient to satisfy the interest as it accrues, annually, to be applied to no other purpose, and section 2689a limits the aggregate of all taxes

levied to eight mills. *Held*, that the first provision authorized and required it to make the prescribed annual levy and apply it in payment of accrued interest on its debts, and that section 2689a assumed that interest on any debts it was allowed to incur could be paid from an eight-mills levy, leaving enough for current expenses, which could only be defrayed from the amount remaining after payment of such interest, notwithstanding it might need for such expenses the money arising from the levy for interest.

2. SAME—INTEREST COUPONS—MANDAMUS TO COMPEL PAYMENT.

It is no objection to mandamus to compel a village to apply, in payment of interest coupons sued on by relator, the full amount of moneys levied to pay interest on its debts, that there may be others holding similar coupons, but not parties to the cause, entitled to distribution from the fund, since they would not be thereby ultimately deprived of the right to collect such claims as they may have.[1]

Harris & Harris, for relator.
Williamson, Cushing & Clarke, for defendants.

WING, District Judge. The question before the court arises on the demurrer of the relator to the answer of the village of Kent. The petition in mandamus, filed, alleges the recovery of a judgment against the village of Kent on interest coupons of certain refunding bonds theretofore issued by the defendant village. It is further alleged that on the 8th day of June, 1900, and prior thereto, there was in the treasury of the village a fund of $2,500 and more, which had been accumulated by taxes levied by the council of said village in the year 1895, and prior years, for the purpose of raising funds to pay the interest upon said refunding bonds. The prayer of the petition is that this fund may be ordered to be applied to the payment of the judgment alleged, and that the defendant, and the council thereof, proceed, without unnecessary delay, to levy, and cause to be collected and paid to the relator, taxes sufficient to discharge any balance of indebtedness left unpaid on the judgment. The answer denies that the bonds, the coupons of which formed the basis of the judgment sued upon, were issued for the purpose of refunding, or extending the time of payment of, any lawful or valid indebtedness of said village. It admits that on June 8, 1900, there was, and for some time prior thereto had been, in the treasury of said village, the sum of $2,644.17, and no more, which had been collected of taxes levied by the council of said village in the year 1895, for the purpose of raising money to pay the interest coupons attached to the issue of bonds of which the bonds referred to in the petition were part, and that said fund still remains in the treasury of said village to the extent of $2,477.91 thereof; there having been duly paid therefrom to the treasurer of said village, as commission, $75.68 and $90.58. It is further stated, with respect to said fund, that it is the result of a tax of $3\frac{1}{2}$ mills levied by the village in the years 1892, 1893, 1894, and 1895, in addition to the levy for village purposes of the maximum amount allowed by law of 8 mills on each dollar of assessed valuation, that the village supposed it

[1] Mandamus to enforce payment of judgment against municipality, see note to Holt County et al. v. National Life Ins. Co. of Montpelier, Vt., 25 C. C. A. 475.

had the right and authority to levy such additional tax by virtue of a law passed April 17, 1891, and that the village ceased to levy such tax in the year 1896, because of its discovery of the unconstitutionality of such tax. The defendant is willing that the $2,477.91 should be applied to the payment of the relator's judgment, but alleges itself to be in doubt as to how such fund should be distributed, and as to whether it should apply the whole sum upon the judgment obtained by Dana, or should apply it ratably among all holders of coupons, and they submit themselves to the order of the court in this behalf. The defendant further says that since June 8, 1900, the village has had no lawful authority to make any levy whatever for the purpose of paying the judgment of the relator. It states the valuation of the taxable property within the village, and that a levy of eight mills on the dollar per year is the maximum levy permitted by law for the village to make for any and all purposes, and, that the amount required for the maintenance, and the ordinary and proper current expenses necessary for carrying on the government of said village, will consume all of the taxes arising from the levy of this per cent. To this answer demurrer is interposed.

The only allegation of fact, the sufficiency of which it is necessary to pass upon, is that with respect to the necessity of the village of applying all of the tax which can be raised by the levy of eight mills to the payment of its current expenses. Counsel for the defendant cites, and relies upon, the case of Clay County v. McAleer, 115 U. S. 616, 6 Sup. Ct. 199, 29 L. Ed. 882. It will be observed that the county, under the laws of Iowa, had been authorized to levy and collect a tax of six mills on the dollar of the assessed value of taxable property for ordinary county revenue, and it was sought in that case, by mandamus, to compel the county to appropriate a part of that power to levy to the payment of a judgment; and the answer was interposed that all of the tax arising from the levy of six mills would be required to answer the ordinary and necessary current expenses of the county.

Section 2683 of the Revised Statutes of Ohio provides as follows:

"In addition to the taxes specified in the last section, the council of each village may levy taxes annually for any improvement authorized by this title, and for the following purposes: * * * Subd. 22. To pay the interest on the public debt of the corporation, and to provide a sinking fund therefor, a sum sufficient to satisfy the interest as it accrues, annually, to be applied to no other purpose."

By this section there is undoubtedly given to municipal corporations the power to levy tax sufficient to satisfy the interest on a valid public debt. By section 2689a, the aggregate of all taxes, levied in villages, with the exceptions which appear in the statute, is limited to eight mills. By analyzing this statute, we cannot avoid the conclusion that the legislature had in mind the impropriety of so limiting the power of municipalities to tax as to render them without power to make provision for the payment of their debts lawfully incurred, and must have assumed that a village could pay interest on any public debt it was allowed to incur out of the result of an eight-mills levy, and have enough left to pay its current ex-

penses. It is a general principle of municipal law that, when a power is granted to a municipality to incur indebtedness, a commensurate power is implied to levy the necessary tax to discharge such indebtedness, and I conclude that it was intended by the legislature to impose a duty upon a municipality, by subdivision 22 of section 2683, to levy a tax sufficient to satisfy the interest on its public debt as it should accrue annually.

The power of a municipality to tax is its only asset which may be called upon to respond to its obligation to pay its indebtedness. Where the municipality has only power to tax for general purposes, and to defray its current expenses, the application of the rule enforced in the case of Clay County v. McAleer, 115 U. S. 616, 6 Sup. Ct. 199, 29 L. Ed. 882, is the application of a kind of exemption law appropriate to be applied to municipalities which are debtors. In Ohio, by subdivision 22 referred to, there has been given to villages the power to tax for the purpose of paying interest on the public debt, and, whenever a village has an indebtedness, it becomes its duty to exercise such power. It is no defense to say that the village needs the money, which might arise from the exercise of this power to tax, with which to defray its current expenses. It may be said that, if a village in Ohio has no public debt, it may use its whole power of taxation, up to eight mills, to defray its general current expenses; but, when there is an indebtedness, its ability to tax for the purpose of defraying current expenses is as much limited to the amount of tax left after deducting the necessary amount to pay interest and form a sinking fund as the eight mills is a limitation upon the aggregate percentage which it is allowed to levy.

The amount admitted by the answer to be in the hands of the treasurer of the defendant village, as the result of levies made in previous years for the payment of interest on the public debt, is insufficient to pay the judgment of the relator, and for that reason such admission can have no effect upon the ruling upon this demurrer. If such fund were sufficient to pay the whole indebtedness, the court would order its payment to the relator in discharge of his judgment. There may be others who hold coupons similar to those sued upon by the relator, who may be entitled to a distribution of this fund, but they are not parties to this cause. By the full distribution of the fund in payment of the judgment of the relator, they would not be ultimately deprived of a right to collect such claims as they may have.

The demurrer, of course, admits all allegations of fact well pleaded in the answer. The only allegation of fact is that above referred to, with respect to the necessity of the village of using all of the money arising from its power to tax in defraying its current expenses. For the reasons given, I think this is an insufficient fact to deter this court from ordering the proper officers of the village to levy a tax of eight mills upon the taxable property of the village, and to apportion such part of that tax levy as may be necessary to pay the coupons of the relator, for which he has obtained judgment, to that purpose. The demurrer is sustained.