STATE OF FLORIDA, ex rel. DUPONT BALL, INC., a corporation, *Relator,* vs. S. E. LIVINGSTON, as Mayor of the City of Homestead, etc., *Respondents.*

139 So. 360.

En Banc.

Opinion filed January 12, 1932.

*Herbert S. Sawyer,* and *Shutts & Bowen,* of Miami, for Relator;

*Roberts* and *Nelson,* of Homestead, and *Ernest E. Roberts,* of Miami, for Respondents.

*E. J. L'Engle, J. W. Shands* and *F. P. Fleming,* all of Jacksonville, as amici curiae.

DAVIS, J.—This is an original proceeding in mandamus whereby the relator, the holder of matured and unpaid interest coupons of bonds of the City of Homestead, seeks to compel respondents, the Mayor and Councilmen of said municipality, to pay over to the relator the sum of $3,075.74, which according to respondents' return on file herein, was, on May 22, 1931, the date of service of the alternative writ, in the interest and sinking fund of said city and applicable to the payment of bonds of the class which relator holds.

It appears from the alternative writ that relator's coupons are from bonds issued by the City of Homestead under Chapter 11520, Acts of Special Session, 1925. These bonds were issued by said municipality under date of January 15, 1927, in denominations of $1,000.00 each, with interest coupons bearing interest at the rate of six per cent.

per annum, payable semi-annually on the 15th of January and July of each year.

None of the coupons which relator holds have been reduced to judgment, but the Charter of the City under which they were issued requires the municipality to levy and collect special taxes and assessments which when collected are required by law to be paid into a special fund which is applicable only to the discharge of the coupons and bonds.

It appears from the return filed in this case that the separate fund so required to be raised and set apart for the payment of the coupons here involved, consists of the sum of $3,075.74, which the respondents admit is in their interest and sinking fund. They also admit that such moneys were to the credit thereof on May 22, 1931, which was the date of service of the alternative writ on the respondents in this case.

Under the alternative writ as amended on October 29, 1931, the only issue left before us is whether or not the relator's motion for a peremptory writ of mandamus should be granted to require the city to pay over to the relator the sum of $3,075.74 which it admits is on hand, and which is conceded to be applicable to the payment of the coupons of bonds of the issue known as "City of Homestead Improvement Bonds."

All the authorities we have examined support the conclusion that general creditors of a municipality, whose claims are secured by the general power of taxation, are entitled to payment of their demands in the order in which they demand payment, where the payment thereof on presentation is authorized by law, and there is a fund on hand out of which the payment is required to be made and which is sufficient for that purpose when the holder having a right to enforce the duty of payment, presents his claim. Weaver v. San Francisco, 111 Cal. 319, 43 Pac. 972; State v. City of New Orleans, 37 La. Ann. 13; New

Orleans v. United States, 49 Fed. 40 (U. S. C. C. A. 5th Circuit); Smith v. Hall, 94 W. Va. 400, 119 S. E. 166; Voorhies v. City of Houston, 70 Tex. 341, 7 S. W. 683; Meyer v. Porter, 65 Cal. 67, 2 Pac. 884; Williamsport v. Blair, 90 Penna. 498; United States v. Village of Kent, 107 Fed. 190; Shelley v. St. Charles, 21 Fed. 699; Meyer v. Widber, 126 Cal. 252, 58 Pac. 532.

Such a demand upon the municipality, when it has funds applicable for the purpose, gives the holders of the coupons or bonds demanding, upon refusal of their demand, the right to a writ of mandamus against the city to enforce the payment over of the available fund, or such part of it as may be sufficient to satisfy the claimant. Meyer v. Porter, 65 Cal. 67, 2 Pac. 884.

But it is equally well settled that a mere demand under the foregoing rule does not give the party making it a preferred claim against the fund if his demand is refused, or is not acquiesced in by the making of payment in response to it.

A demand gives a right of action to enforce it by legal proceedings, nothing more.

When it is refused, the institution of legal proceedings to enforce it then becomes the controlling factor in determining priorities between different demandants, and it is to the vigilant claimant who seeks the first mandate from the courts to enforce his claim, that the priority of payment must be awarded. Meyer v. Widber, 125 Cal. 252, 58 Pac. 532.

And indeed, such rule appears to be supported by reason as well as authority, because in cases of this kind the writ of mandamus is likened unto an execution at law on a judgment for the demand (City of Chanute v. Trader, 132 U. S. 210, 33 L. Ed. 345), and the writs of mandamus must therefore take priority in the order in which they are served on the respondents.

Thus a respondent receiving the service of such writ is

charged with notice that the Court issuing it has taken jurisdiction of the subject matter of that writ, and that to it he must yield such obedience as he may be able to yield at the time of service, or else justify his refusal to do so by an appropriate return. To this extent the service of a writ of mandamus requiring the payment over of a fund which is the subject matter of the writ operates as an impoundment of the fund in the hand of the respondent, the further disposition of which is within the control of the Court through its judgment. If this were not true, no writ of mandamus relating to, or requiring the payment over, of a fund could be made effective, since it would always be within the power of the respondent to defeat the purpose of the writ by dissipating or disbursing the fund after notice of the writ but before the court's final judgment on the proceeding could be entered.

In this case the return of the Mayor and City Council is that the fund in hand has not been paid over to the relator here, for the reason that another alternative writ of mandamus has been granted out of this Court, commanding them, as respondents, to pay over the funds here involved to another claimant, namely, National Discount Corporation. The latter claim appears to be based on a judgment which has been recovered by National Discount Company against the City of Homestead on certain coupons derived from the same class of bonds as those owned and held by the relator in this case.

So the question to be decided is whether or not the return by the respondent should be held good as an answer to the commands of the alternative writ, or should relator's motion for a peremptory writ be granted, such return to the contrary notwithstanding.

In referring to the other alternative writ of mandamus with which respondents here have been served, as alleged, no details of the other mandamus proceedings are given.

In fact the allegations of the return in this respect are

most vague and general, so much so as to suggest to us their absolute insufficiency as a matter of pleading, unless by the reference made we are permitted to take judicial notice of our own records and read into the respondent's return that the proceeding intended to be designated is that pending in this Court under the style of State ex rel. National Discount Corporation versus S. E. Livingston, et al., as Members of and composing the Common Council of the City of Homestead, a municipal corporation, in which the alternative writ was granted under date of June 30, 1931.

This Court will take judicial notice of its own opinions and also of its own records, so far as they pertain to the case before it for consideration, but will not take judicial notice in deciding one case of what may be contained in the record of pleadings of another distinct case, unless such record of pleadings of the other case be brought to the attention of this Court by being made a part of the pleadings or record of the case under consideration. Capital City Bank v. Hilson, 64 Fla. 206 (6th headnote), 60 Sou. Rep. 189; McNich v. State, 47 Fla. 69, 36 Sou. Rep. 176.

In the present case we are probably applying the rule too far in assuming that the vague, uncertain and indefinite references contained in respondents' return as to the other mandamus suit pending in this Court against them, are sufficient as a matter of pleading to bring their return within the meaning and intent of the foregoing rule as to judicial notice of such other proceeding, but the point is not insisted on by relator.

We, therefore, also waive the objection and will consider that the reference which is made is intended to specifically designate the case we judicially know is pending here under the style of State ex rel. National Discount Corporation v. S. E. Livingston, et al. We accordingly

proceed to dispose of the pending controversy on the hypothesis.

We do so, however, with the admonition that in cases of original jurisdiction where it is desired to refer to and make what appears in one case pending here a part of the record in another case also pending in this Court, that it is the duty of the pleader to definitely and certainly, by appropriate allegations, bring such other proceedings or record to our attention, in such manner as to make the same by reference, a part of the record of the case into which such other proceedings or record are attempted to be injected. Judicial notice is unable to supply an omission of what must essentially be pleaded on the record.

Turning to the case of State of Florida ex rel. National Discount Corporation v. S. E. Livingston, et al., just referred to, we find that the relator therein alleges that it had procured a judgment against the City of Homestead on certain unpaid bond coupons owing by the city.

The coupons appear to have been issued in connection with a bond issue of the City of Homestead, designated as, "City of Homestead Improvement Bonds." These bonds were authorized by Chapter 11520, Acts of 1925, Extra Session.

The judgment entered was for $4,839.30 damages and $24.30 costs. Execution on it was issued June 29th, 1931.

The mandate sought in that case is to require the Mayor and Council of the City, without delay, to pay over to relator on its judgment so much, or such part as may be necessary, of all special funds on hand, collected by the City from special taxes and/or special assessments to pay interest installments on the issue of bonds designated as, "City of Homestead Improvement Bonds."

But does the fact that the claim in the National Discount Corporation case was reduced to judgment before the alternative writ of mandamus in this present case was served, make any difference in the disposition? Here the

date of servicè of relator's alternative writ precedes the date of service of the alternative writ in the National Discount Corpo'ration case, but the date of the judgment and execution in the latter case precedes the date of service of the alternative writ in this case.

In Ward v. Piper, 69 Kan. 773, 77 S. W. 699, it was held that where a judgment has been obtained on bonds or coupons *which are payable out of a special fund* that in seeking to enfo'rce the judgment *out of the special fund,* the judgment creditor has and is limited to the same rights in a mandamus case that he would have had if no judgment had been obtained. In that case the court said:

"The fact that the interest coupons were merged in judgments does not affect the character of the indebtedness. It will not excuse the failure of the township officers to apply moneys raised for such interest on the indebtedness in its new form, nor deprive the holder of the indebtedness of his remedy to compel such application." (77 S. W. text 700). See also Board of Co'mmrs. v. People, 64 Pac. text 678.

It is not refuted that the writ in the present case was served on May 22, 1931, which was before the National Discount Corporation writ had been served.

Insofar as the two writs seek to have applied to' the payment of bonds or coupons of the series designated, "City of Homestead Improvement Bonds," funds on hand in the city treasury to the credit of the interest and sinking fund account of these bonds, the writ of the relator here was first served and the duty enjoined by it should therefore be required to be first performed, notwithstanding the fact that judgment was first entered in favor of National Discount Corporation.

The return of the respondents showing that the total of the moneys in the interest and sinking fund account applicable to relator's coupons here, amounts to less than is required to comply with the alternative writ granted here, does not preclude the issuance of a peremptory writ

in this case, because it is the court's duty to order the available fund paid over to the relator who brings the first proceeding, the fund being insufficient to pay all.

A peremptory writ will be issued only when it can be enforced (State v. A. C. L. R. R. Co., 53 Fla. 650, 44 Sou. Rep. 213, 12 Ann. Cas. 359), and the only return which is permissible to it is the return of performance of its commands. State v. Tavares, 78 Fla. 329, 82 Sou. Rep. 833. Here, the fund is subject to the present writ and the fact that another subsequently served writ has attempted to reach it to the exclusion of the relator's rights here, is insufficient to justify a refusal to issue the peremptory writ applied for.

The judgment of the Court is that the return of the respondents be held insufficient and that the motion for a peremptory writ be granted.

Peremptory writ ordered.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.