STATE, EX REL. ALFRED G. BROWN ET AL., APPELLEES, V. FLOYD C. TAYLOR, COUNTY TREASURER, APPELLANT.

FILED JULY 12, 1933. No. 28841.

*Rush C. Clarke* and *Robert W. Patterson*, for appellant.

*Ritchie, Swenson & Arey* and *Wright & Wright*, contra.

Heard before Goss, C. J., Eberly, Day and Paine, JJ., and Chase, Lovel S. Hastings and Tewell, District Judges.

Hastings, District Judge.

The relators, owners of 58 coupons issued by the Farmers Irrigation District of Scotts Bluff and Morrill counties, dated January 1, 1926, due and payable January 1, 1933, attached to and representing interest upon certain bonds of said district, issued under authority of sections 46-178 to 46-190, Comp. St. 1929, made application to the district court for Scotts Bluff county for a writ of mandamus to compel the respondent, as county treasurer of said county, to pay said coupons, and an alternative writ was issued. Upon respondent making return thereto, a peremptory writ of mandamus was allowed. Respondent appeals.

The case was heard upon the petition of relators, the alternative writ, and the return of the respondent thereto.

The facts are not in dispute and, as far as these are pertinent to the issues involved, are: That relators are owners of 58 interest coupons due and payable on January 1, 1933, upon certain refinancing bonds of the district; that the relators presented said coupons to the county treasurer and demanded payment thereof on the 7th day of April, 1933; that at that time the respondent, as treasurer, had in his possession, in the special bond fund of the district, money sufficient to pay each and all of said interest coupons on presentation; that the respondent, as treasurer, refused to pay said coupons out of the funds available for the purpose; that the coupons presented by relators are but a small number of the interest coupons attached to an issue of bonds of said district, issued under authority of sections 46-178 to 46-190, Comp. St. 1929; that there were attached to each of said bonds coupons representing the interest to become due upon said bonds July 1, 1932, and January 1, 1933; that prior to April 7, 1933, and after July 1, 1932, the owners and holders of a large number of said coupons,

aggregating an amount over $23,000, which were due on July 1, 1932, presented same to the respondent at his office and demanded payment thereof, and that prior to April 7, 1933, and after January 1, 1933, the owners and holders of a large number of said interest coupons which became due January 1, 1933, aggregating an amount over $38,000, presented the same to respondent at his office and demanded payment thereof; that on each occasion when said interest coupons were so presented and payment demanded as aforesaid, respondent had not sufficient moneys in said special bond fund of said district for their payment, and he indorsed upon each of said coupons the following words: "Presented and not paid for want of funds. Registered. Interest at 6 per cent.," and dated and signed each such indorsement and assigned thereto and noted thereon a registration number, and at the same time made a record in the coupon register of said district, a book kept by him for that purpose, of the registration numbers of said coupons, the date of registration, the name and address of the owners and holders thereof, the number of the coupons, the date of the coupons and the amount of the coupons; and after presentation and registration of each of said coupons, respondent returned the coupons to the owners thereof; that as moneys came into the special bond fund of said district respondent notified the owners and holders of said coupons in the order of their registration and called them for payment; that a small number of said coupons have been called and paid; that there are coupons registered in the manner aforesaid and not yet paid in an amount far in excess of the moneys in the special bond fund on April 7, 1933.

On these facts respondent alleged that it was his duty to apply said moneys in the special bond fund, at the time relators presented their coupons, in payment of said registered coupons in the order of their registration; that the presentation and demand for payment of the coupons registered by him constitute a presentation and continuing demand of payment by the several owners and holders thereof, prior in point of time to the presentation and

demand of relators, and that it was the duty of respondent to pay said moneys in said special bond fund upon the interest coupons in the order of their presentation and registration.

It is the contention of counsel for the respondent that the judgment is contrary to law.

The first contention is that under the law of Nebraska it is the duty of the treasurer to register coupons of irrigation districts when presented and not paid for want of funds, and to pay them in the order of such registration when money comes into the bond fund.

Two classes or kinds of bonds are provided for in chapter 46, Comp. St. 1929, which embraces the statutes relating to irrigation.

One class of bonds is construction bonds and is defined in sections 46-113 to 46-116, Comp. St. 1929, which apply only to bonds issued for the purpose of raising money for the construction or purchase of works or other property, and providing that such bonds shall not be issued for more than the actual estimated cost of ditches or purchase of ditches or cost of construction work, all as contained in its general plan of operation, as well as the first year's interest upon such bonds.

The second class of bonds is provided for in sections 46-178 to 46-190, Comp. St. 1929, which relate to the issuance of refinancing bonds. It is provided that this class of bonds may be issued (1) "In consideration of the discharge of judgments held against it" (section 46-179) ; (2) "in consideration of the * * * cancelation of its outstanding bonds" (section 46-180) ; (3) "in consideration of the surrender and cancelation of its outstanding notes and/or warrants" (section 46-181).

Sections 46-178 to 46-190, Comp. St. 1929, under which the bonds and coupons in question were issued, contain no provision whatever for the registration of such bonds and coupons on presentment and which are not paid for want of available funds.

This is frankly conceded by counsel for respondent in their brief. To support their contention counsel urge that

section 46-113 is applicable to bonds issued under sections 46-178 to 46-190.

The part of section 46-113 relied upon by respondent provides:

. "The secretary shall keep a record of the bonds sold, their number, date of sale, the prices received, and the name of the purchaser: * * * and provided, further, such district by a majority vote may provide and authorize the payment of interest at a rate not exceeding six per cent. per annum on any or all due and unpaid interest coupons attached to valid and outstanding bonds of such district heretofore or hereafter issued and sold, from the date of registration of such interest coupons for payment or if previously registered, then from the date of such election to pay such interest, until paid. Such question may be submitted at any general or special election of the district by ballot * * * and if a majority of the ballots cast on such proposition shall be in favor thereof the board of directors shall declare the same adopted and the funds to pay such interest shall be estimated and included in the levy for the bond fund of such irrigation district as provided by law. Thereafter, upon the presentation of any bond with coupons attached, or any detached coupons of such bonds, upon which interest is payable under the provisions of this article, the treasurer shall stamp or write on such coupons, 'bears interest at ———per cent. per annum from the registration for payment (or if previously registered for payment, then from date of election to pay interest).

" '_____

" 'County Treasurer.' "

Coupons issued under that section and defaulted do not draw interest unless the voters, at an election called for that purpose, have authorized such payment, and then draw interest only from the time the coupons are registered and the required indorsement made thereon. The date of the registration simply determines the time from which interest shall run. It contains no provision that

coupons registered thereunder shall be paid in the order of their registration. That section 46-113 has no application to coupons issued under the provisions of sections 46-178 to 46-190 is emphasized by the fact that section 46-183 provides:

"The bonds issued in pursuance to this act shall mature in not exceeding fifty (50) years, shall bear interest at not exceeding six per cent. (6%) per annum, payable semiannually, and may be subject to redemption before maturity at par and accrued interest at the option of the district on such terms and subject to such limitations as may be provided, and shall be in such denominations and form, with or without interest coupons, and be executed in such manner as may be provided. In case default shall be made in the payment of interest, such interest shall bear interest at the same rate as the principal."

Under that section bonds may be issued with or without coupons. Where coupons are issued, these bear interest from the date of default, without any special election or registration being required to fix the date from which these bear interest. It is clear therefore there is nothing in the statutes which provides for or authorizes the registration of defaulted interest coupons issued pursuant to sections 46-178 to 46-190, Comp. St. 1929. We are not left in doubt as to the order of the payment of coupons and bonds issued under chapter 46, as section 46-124 provides:

"Upon the presentation of the coupons and bonds due at the office of the treasurer of the county in which the district was originally organized it shall be his duty to pay the same from the bond funds."

Under that provision it is made the duty of the treasurer, when funds are available, to pay coupons then due upon presentment.

Counsel for respondent, however, contend that the holders of coupons, other than relators, having presented coupons held by them prior to the time of the presentation by relators of their coupons, and when there were no funds available to pay them in the special bond fund,

and having been refused payment for want of funds, such presentation and demand by the holders was a continuing demand, entitling them to priority of payment when sufficient funds become available.

We have been cited to no cases supporting such contention. In fact, counsel for respondent, in their brief, admit that after diligent search they have been unable to find any. They further concede in their brief that the courts that have passed upon the question hold adversely to their contention.

In *Meyer v. Widber,* 58 Pac. 532 (126 Cal. 252), it is held:

"It is no defense to mandamus to compel payment of a bond that other bondholders had made prior demands, which had been refused for want of funds, as the prior demandants did not thus acquire any right of priority of payment out of the fund."

In *State v. Livingston,* 104 Fla. 33, an original proceeding in mandamus in the supreme court of Florida whereby the relator, the holder of matured and unpaid interest coupons of bonds of the city of Homestead in that state, sought to compel respondents, the mayor and councilmen of said municipality, to pay said coupons out of funds available for that purpose. It was held:

"Mere demand by a holder of a city's coupons or bonds, insisting on payment out of available funds on hand applicable for their discharge, gives a right of action to enforce payment by legal proceedings if the demand is refused, but does not give the demandant a preferred claim against the fund out of which the payment would be ordered to be made. The institution of legal proceedings becomes the controlling factor in determining priorities between different demandants, when payment has been refused, and it is to the vigilant claimant who first seeks the mandate of the courts to enforce his claim that priority of payment must be awarded."

Other cases in point are *Shelley v. St. Charles County Court,* 21 Fed. 699; *State v. Grand River Drainage District,* 330 Mo. 360; *Meyer v. Porter,* 65 Cal. 67.

It is clear that prior demandants who had presented their coupons and made demand for payment at a time when there were no funds available for that purpose acquired thereby no right of priority over the relators. The relators presented their coupons and demanded payment at a time when funds were available for that purpose and, upon refusal of the respondent to make payment, promptly sought the mandate of the courts to compel the performance of a duty enjoined upon respondent by law.

It is next contended by counsel for respondent that, even if relators have a clear legal right to a peremptory writ of mandamus, such right would not warrant the granting of a peremptory writ if disorder and confusion would result therefrom.

The case of *State v. Barstler*, 122 Neb. 167, is cited in support of said contention. The rule announced in that case has no application to the facts in this case. In the instant case, there are no facts in the record showing or tending to show that the granting of the writ will result in disorder and confusion. Furthermore, the respondent in his return to the alternative writ did not allege, as a reason justifying him in his refusal to make payment of the coupons presented to him by relators, that disorder and confusion would result therefrom. The contention that disorder and confusion will result from the sustaining of the action of the trial court is purely imaginary and has no foundation in fact.

The plan adopted by the respondent, of registering bonds and coupons when presented to him for payment and of paying them in the order in which they were registered, may have been the most sensible and orderly way, but the legislature having otherwise fixed the order in which the bonds or coupons should be paid, the respondent had no power to enlarge thereon. It was the duty of the respondent under the law, when he had funds available, to pay bonds or coupons due in the order of their presentment to him for payment.

The return made by respondent presents no legal rea-

son which justifies his refusal to pay the coupons presented to him for payment by relators. The judgment is therefore

AFFIRMED.