DAVID SHOLTZ, *et al.,* v. STATE, *ex rel.* BEN HUR LIFE ASSOCIATION.

165 So. 39.
Division B.
No. 2185.
Opinion Filed December 20, 1935.

Cary D. Landis, Attorney General, and Robert J. Pleus, Assistant, for Plaintiffs in Error;

Casey & Walton, of Miami, and William K. Whitfield, of Tallahassee, for Defendant in Error.

BUFORD, J.—This case is in all respects like the companion case bearing the same title in which opinion was this day filed, except that in this case beside the two contentions made in that other case there is a third question presented for our determination, which is stated by plaintiffs in error as follows:

"Where ad valorem tax funds for the payment of the debt-service requirements on road and bridge bonds are the result of a joint levy for the benefit of three issues of county-wide bonds, and are remitted to the State Board of Administration in a lump sum and carried by such Board in a single consolidated account, may the holder of past due obligations subject all funds in the said joint account to payment, or should there be a proration among the said three issues, or other equitable distribution?"

The first two questions presented in this case are identical with those presented in the companion case and resolved against the contentions of the plaintiffs in error.

We think that the opinion and judgment in the case of State, ex rel. Suwannee River Bridge Co., v. Sholtz, et al., 119 Fla. 460, 158 Sou. 812, and also 119 Fla. 701, 160 Sou. 872, is authority against the contention of the plaintiffs in error.

In the case of State, *ex rel.* DuPont-Ball, Inc., v. Livingston, 104 Fla. 33, 139 Sou. 360, we said:

"All the authorities we have examined support the conclusion that general creditors of a municipality, whose claims are secured by the general power of taxation, are entitled to payment of their demands in the order in which they demand payment, where the payment thereof on presentation is authorized by law, and there is a fund on hand out of which the payment is required to be made and which is sufficient for that purpose when the holder having a right to enforce the duty of payment, presents his claim."

And, in support thereof, cited the following authorities:

"Weaver v. San Francisco, 111 Cal. 319, 43 Pac. 972 State v. City of New Orleans, 37 La. Ann. 13, New Orleans v. United States, 49 Fed. 40 (U. S. C. A. 5th Circuit); Smith v. Hall, 94 W. Va. 400, 119 S. E. 166; Voorhies v. City of Houston, 70 Tex. 341, 7 S. W. 683; Meyer v. Porter, 65 Cal. 67, 2 Pac. 884; Williamsport v. Blair, 90 Penna. 498; United States v. Village of Kent, 107 Fed. 190; Shelley v. St. Charles, 21 Fed. 699; Meyer v. Widber, 126 Cal. 252, 58 Pac. 532."

And in that case we held:

"General creditors of a municipality, whose claims are secured by the general power of taxation, are entitled to payment of their demands in the order in which they demand payment, where payment on presentation is authorized by law, and there is an available fund on hand out of which payment can be made when the holder presents his claim."

In the City of Clearwater v. State, *ex rel.* Mutual Life Insurance Co., 108 Fla. 623, 147 Sou. 959, we said:

"Where bonds have been issued by a municipality, with

a provision for the levy of stipulated taxes to provide for their payment, the fund contracted to be raised by the agreed taxes, is the foundation upon which the bonds themselves rest. The annual tax is the security offered to the creditors who take bonds under laws which constitute a special agreement on the part of the public corporation debtor to provide for their payment according to terms. And as the Supreme Court of the United States has said in the case of Louisiana v. Pillsbury, 105 U. S. 278-288; 26 L. Ed. 1090: 'The annual tax * * * could not be afterwards severed from the contract without violating its stipulations, any more than a mortgage executed as security for a loan could be subsequently repudiated as forming no part of the transaction. In other words, such bonds are but the present funding of the necessary future taxes contracted to be levied in order to pay them off in due course, as to the stipulated principal and interest. Godchaux v. Estpopinal, 142 La. 812, 77 Sou. Rep. 640."

And, in that case, we also said:

"It follows from what has been said that while in a certain sense distinct individual private rights are involved in a proceeding in mandamus jointly brought by two separate bondholders to enable them to realize a tax, or the proceeds of a tax, pledged as security for their bonds, yet where the object of the writ of mandamus is simply to compel the disbursement of a common fund to relators who have a legal right to its disbursement, and the fund is one in which all the beneficiaries have a common interest, but the respondents are without any prerogative on their part to resist disbursement on behalf of the absent beneficiaries as against the others who are before the court, no objection by respondents will lie to the fact that two or more claimants

have joined in one writ, if each would have been entitled if he had sued separately."

In support thereof we cited the following authorities:

"Davies v. Corbin, 112 U. S. 36, 5 Sup. Ct. Rep. 4, 28 L. Ed. 627; Hawley v. Fairbanks, 108 U. S. 543, 2 Sup. Ct. Rep. 846, 27 L. Ed. 820; State, *ex rel.* Flaugh, v. Jaudon, 286 Mo. 181, 227 S. W. Rep. 48; State, *ex rel.* Johnson, v. State Tax Collector, 39 La. Ann. 530, 2 Sou. Rep. 59; 38 C. J. 47, 18 R. C. L. 329."

In this case the record does not show that the fund was derived from levies made to pay certain ear-marked coupons or matured bonds, but it does show that one consolidated levy was made to cover debt-service requirements resulting from three different bond issues, one being the issue of road and bridge bonds under date of July 1, 1926, in the sum of $360,000.00; another being the issue of road and bridge bonds under date of January 1, 1928, in the sum of $350,000.00 and another issue of refunding road and bridge bonds under date of December 1, 1928, in the sum of $28,-000.00. The levy made was entirely inadequate to pay the matured and maturing interest coupons and the bonds matured and maturing. The tax thus levied, however, when collected produced a fund available for the payment of any of the matured or maturing coupons, or matured or maturing bonds, and as the fund was in nowise ear-marked so that any part of it could have been shown to have been collected for the payment of any specific obligation to the exclusion of any other like obligation, it is subject to the application of the "first come, first served" rule.

There is no difference in principle between the condition which exists here and the condition which would have existed, had all the bonds been of one issue and of the same

date. Each and all of the bonds were the general obligations of the county and neither was superior in dignity to the others. The priority in dates could make no difference in dignity. Priority in maturity might give right to priority in payment, provided the right to priority in payment was seasonably insisted upoin in available proceedings for that purpose. Here ·there was one levy to produce a fund with· which· to pay maturing obligations resulting from bond issues of equal dignity. The levy was patently inadequate to produce a sufficient fund to meet those obligations. The fact that there are other bondholders and interest coupon holders who have not been paid and that there will not be sufficient funds left on hand to pay such other bondholders and interest coupon holders is a matter with which the Board of Administration is not concerned. The relators, defendants in error here, are entitled to the benefit of the "first come, first served" rule just as they ·would be, as hereinbefore stated, if the bonds had all been of one issue and of the same date and the tax levied as it was levied here to meet all maturing obligations incident to that issue. If this were not true, then designing county commissioners could always avoid the payment of obligations by pursuing the course which the county commissioners did pursue in this case and then when the money raised is transmitted to the State Board of Administration, have the same held intact until there should be a sufficient accumulation to pay all matured obligations, or until the holders of such matured obligations should be willing to accept pro rata distribution of the fund.

The tax was levied to pay matured and maturing obligations. The obligations upon which this proceeding is based are matured obligations. Therefore, the fund is available for the payment thereof. A case involving an analogous

principle to that involved in this case is that of Sholtz, *et al.,*
v. State, *ex rel.* Davis, in which opinion was filed November
4, 1935, reported 163 Sou. 854.

For the reasons stated, the judgment should be affirmed.
It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion
and judgment.

BROWN, J., dissents.

BROWN, J. (dissenting).—I hardly think that our previous
decisions have decided the exact point at issue here. I
think those decisions, taking them as a whole, are based
upon the theory that the first come, first served, rule requires
for its application a definitely ascertainable fund on hand
legally applicable to the payment of the particular obliga-
tion involved, and that funds raised for other purposes may
not be used. It is the contention of the Board of Adminis-
tration that the funds in the joint consolidated account are
trust funds for the benefit of all three issues of bonds, and
that it would be inequitable to allow the holder of past due
securities of one issue to realize in full, even though, by
proration, the moneys to which such issue would be entitled
are not sufficient to pay such claim in full; that to require
the payment of all the funds on hand to the settlement of
the matured obligations of only one of the three issues of
bonds would be, in effect, to use tax moneys raised for all
three issues to pay on the obligations of one issue; that, as
the levies were made for the requirements of all issues, each
issue is only entitled to its proportionate part. I think these
contentions are well founded, and based upon equitable con-
siderations which would deny mandamus in such a case as

this, even in jurisdictions which recognize the first come, first served, rule in its general aspects.