604 So.2d 529 (1992)
FLORIDA PHARMACY ASSOCIATION, INC., a Florida not for profit corporation, and Joe B. Pace, Inc., a Florida corporation, doing business as Duberry-Pace Pharmacy, Petitioners,
v.
Larry STRONG, in his Official Capacity as Acting Secretary of the Department of Management Services, Respondent.
No. 92-2529.
District Court of Appeal of Florida, First District.
August 4, 1992.
Rehearing Denied September 30, 1992.
*530 Paul R. Ezatoff of Katz, Kutter, Haigler, Alderman, Davis, Marks & Rutledge, Tallahassee, for petitioners.
Susan Kirkland, Acting Gen. Counsel, for respondent.
PER CURIAM.
Florida Pharmacy Association, Inc. and Joe B. Pace, Inc. (Pace) seek relief from this court by petition for writ of mandamus. For the reasons that follow, we deny the petition.
The petitioners show that respondent is the Acting Secretary of the Department of Management Services (DMS), successor to the Department of Administration (DOA). DMS is responsible for the group health insurance plan for state employees, including pharmacy services. DOA previously entered into a contract with Consultec whereby pharmacies would be reimbursed for prescriptions filled under the plan at Average Wholesale Price (AWP) minus 18 percent. According to petitioners, only a few large retail chain pharmacies can profitably participate in the program at this rate of reimbursement. The petitioner association states that it represents pharmacies which would like to provide services to members of the state health plan, and petitioner Pace is such a pharmacy.
Petitioners rely on legislation enacted during the recent special session which provides that the existing pharmaceutical contract shall be amended to provide for prescription drug reimbursement at AWP minus 12 percent for brand name drugs. According to petitioners, respondent Strong has not so amended the contract and they ask this court for an order compelling him to do so.
Petitioners fail to show that they requested respondent Strong to amend the contract to conform with the enactment. Where private individuals seek mandamus to compel a public official to perform a duty, they must first make an express and distinct demand on the respondent to perform the duty before the remedy of mandamus will be considered. State ex rel. DuPont Ball, Inc. v. Livingston, 104 Fla. 33, 139 So. 360 (1932); State ex rel. Citizens Gas Light Co. v. City of Jacksonville, 22 Fla. 21 (1886). In the absence of a showing of such a demand, this court will not consider the extraordinary remedy of mandamus.
We also find that even if this defect were cured, mandamus is not an appropriate method to resolve the dispute before us. Questions of fact may be presented, and the terms of the current contract may require construction. Further, Consultec and/or pharmacies participating at the current rate of reimbursement may wish to appear and be heard. Thus, it appears the more appropriate forum to litigate the issues presented in the petition is the circuit court.
It therefore appearing to this court that petitioners have selected an inappropriate remedy, the petition for writ of mandamus is denied.
SMITH, ZEHMER and BARFIELD, JJ., concur.