PER CURIAM.
We have for review the direct appeal of a trial court order awarding Carlos and Susie De La Puente costs and attorney’s fees. Alachua County Deputy Sheriff James Troi-ano seized $44,645 in currency from the De La Puentes on May 19,1992, while they were traveling on 1-75 at night. Stephen M. Oel-rich, Alachua County Sheriff (agency), instituted forfeiture proceedings[1] against the De La Puentes. The preliminary hearing on the forfeiture action resulted in a finding of no probable cause to maintain the action. The De La Puentes, after the preliminary hearing and before the entry of judgment, filed a motion for costs and fees against the agency. The trial judge, finding that the forfeiture action was not founded in good faith, awarded costs and fees pursuant to section 57.041, *711 Florida Statutes (1991), and section 932.-704(10), Florida Statutes (Supp.1992).
The trial judge, in support of the award, found:
1. This is not the first occasion that this Court has encountered a nighttime Interstate stop by the Alachua County Sheriffs Office of an out-of-state vehicle, driven by a person of a minority race or ethnic background, for a minor traffic infraction that inevitably results in a forfeiture seizure following a thorough, prolonged search, allegedly for drugs or weapons.
3. Deputy Troiano is no stranger to this or other Courts in the Eighth Judicial Circuit. Most recently, he appeared before this Court as the seizing officer in In Re Forfeiture of Six Thousand Dollars ($6,000.00) in United States Currency, Case No. 92-1083-CA (Circuit Court, Eighth Judicial Circuit, Alachua County, Florida). This Court takes judicial notice of that proceeding, in which this Court also found no probable cause for the Alachua County Sheriffs Office to maintain a forfeiture action on facts virtually identical to those in the instant case.
The agency appeals.
Our concern in the instant case is that the trial judge took judicial notice of the agency’s pattern of seizures from 1-75 motorists in another case, without evidence in the record to support his conclusion. See State ex rel. Dupont Ball v. Livingston, 104 Fla. 33, 139 So. 360 (1932) (observing that a reviewing court will not take judicial notice of what may be contained in the record or pleadings of another case, unless the record or pleadings of the other case are made a part of the record or pleadings of the ease under consideration). The trial court’s attempt to take judicial notice did not comply with the notice provisions of section 90.204(1), Florida Statutes (1991), even if those matters were proper matters for judicial notice, an issue which we do not decide here.
We agree with the agency that the judicial notice procedure was prejudicial, because the agency lacked warning that the record of the prior case would be considered in the instant case. Cf. Mennella Plastering, Inc. v. Adobe Brick & Supply Co., 273 So.2d 1 (Fla.1973) (holding that error in taking judicial notice of a prior ease was harmless where the entire record of the prior case, although not introduced into evidence, was made part of the record on appeal, and no prejudice was shown). We therefore reverse and remand for a new evidentiary hearing.
We thus reverse in part and remand for proceedings consistent with this opinion; we affirm in all other respects.
It is so ordered.
BOOTH, MICKLE and LAWRENCE, JJ., concur.

. Florida law provides for the forfeiture of contraband. See §§ 932.702-.704, Fla.Stat. (1991).